### Richmond

TEMPLE M. STRATTON

v.

ANNE WHEELER STRATTON

No. 0638-92-2

Decided August 10, 1993

COUNSEL

Denis F. Soden (Anne-Marie S. Condlin; Spinella, Owings & Shaia, on briefs), for appellant.

Murray J. Janus (Deanna L. Dworakowski; Bremner, Baber & Janus, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Temple M. Stratton (husband) appeals from the final order of equitable distribution. Husband argues that the trial court: (1) misclassified as marital property certain property purchased by husband with separate funds from the marital business; (2) erred in determining the value of husband's separate property and the parties' marital property; and (3) abused its discretion in awarding Anne Wheeler Stratton (wife) attorney's fees. For the reasons set forth below, we agree that the trial court misclassified separate property as marital, and we reverse the judgment on that basis. We conclude, however, that husband's other assignments of error are without merit.

Accordingly, we affirm the trial court's valuations of property and award of attorney's fees.

The parties were married in September 1967 and separated in June 1989. Two children were born of this twenty-two year marriage. Wife was the primary homemaker and caretaker of both children. Husband is a college graduate and his salary as a car salesman has been the family's primary source of income. Wife has a two year degree and has worked throughout the marriage on a part-time basis.

In April 1981, husband established Stratton Auto Sales, Incorporated. Husband is the sole shareholder of the company and receives a salary as an employee of the business. He has continued to operate this business under the same name and at the same location since its establishment. The parties agree that Stratton Auto Sales, Inc. is marital property.

Pursuant to an interest in property received from his mother, husband and his two siblings formed a general partnership under the name Stratton Properties. Stratton Properties is a limited partner in Henricus Associates. The parties agree that husband's interest in these partnerships is his separate property. The trial court valued husband's one-third interest in Stratton Properties at $137,000.

In 1984 or 1985, Stratton Auto Sales, Inc. purchased property in Louisa County pursuant to a land sales contract. The purchase price was $15,000 financed over 10 years. In February 1989, husband purchased this property from Stratton Auto Sales, Inc. with his separate funds received from a distribution based on his interest in Stratton Properties. He paid $6,940.89 to Stratton Auto Sales, Inc. and assumed the loan on the land sales contract for the Louisa property. The cash ''buyout'' amount to Stratton Auto Sales, Inc. represented the amount of equity in the property at the time of the transfer.

For equitable distribution purposes, the trial judge classified Stratton Auto Sales, Inc. as marital property and valued it at $20,000. The trial judge, in explaining his basis for the valuation, stated:

> It is difficult for me to find that a business in existence for 10 years in which the owner works 12 hours a day, six days a week, has produced income of more than $20,000 per year, and has another full time employee, is worth nothing. I base my valuation on the history of the company and what it can offer in the future

to [husband] - or to someone else who would take over the business. Certainly a buy out of $2000 per year plus interest over a 10 year period (less than $200 per month) is reasonable.

The Louisa property was also classified as marital property and valued at $10,000. The trial judge explained the classification as follows:

> I did not consider the Louisa property to be part of the corporation. It was purchased by [husband] during the marriage. It was an asset of individual value. Based on the purchase price and the location I felt that its fair market value was minimally worth $10,000.

The value of the Louisa property is not contested. Wife was awarded one-half of the property's value, $5000.

Finally, the trial judge awarded to wife partial attorney's fees of $4500 and costs of $593.90. This award was based on the finding that the divorce was not wife's fault and that "[husband] should share in her attorneys fees."

## CLASSIFICATION OF THE LOUISA PROPERTY

■ The property in Louisa County was originally purchased by Stratton Auto Sales, Inc. during the parties' marriage. It is well settled that if an interest in a business is marital, the use of business funds to acquire other property makes such acquired property also marital. *Lambert v. Lambert*, 6 Va. App. 94, 103, 367 S.E.2d 184, 189 (1988). Because Stratton Auto Sales, Inc. is marital property, any assets of the business are valued and distributed as part of the business. Generally, the character of property at the date of acquisition governs its classification pursuant to Code § 20-107.3. *See Stainback v. Stainback*, 11 Va. App. 13, 20, 396 S.E.2d 686, 690 (1990). Accordingly, the Louisa County property, while owned by Stratton Auto Sales, Inc., was a marital asset.

Prior to the institution of this suit, Stratton Auto Sales, Inc. sold the Louisa property to husband. Husband paid for this property with his separate funds. This conveyance simply replaced the Louisa property with cash within the marital estate. The cash, which had been held as husband's separate property, then became part of the marital estate.

No evidence in the record before us indicates that the conveyance from Stratton Auto Sales, Inc. to husband was fraudulent. Indeed, it

appears that husband tendered adequate consideration to the corporation in the form of debt relief and a cash payment of $6,940.89. Therefore, the Louisa property, which was marital when initially acquired by the corporation, was exchanged for and replaced by the cash payment and debt relief. Accordingly, there was no dissipation or waste of marital assets in anticipation of separation. *Cf. Clements v. Clements*, 10 Va. App. 580, 586-87, 397 S.E.2d 257, 261 (1990).

After the sale from the corporation to husband, the property became husband's individual property acquired during the marriage by use of his separate funds. "All property acquired by either spouse during the marriage is presumed to be marital property in the absence of satisfactory evidence that it is separate property. The party claiming that property should be classified as separate has the burden to produce satisfactory evidence to rebut this presumption." *Stroop v. Stroop*, 10 Va. App. 611, 615, 394 S.E.2d 861, 863 (1990) (citations omitted).

The evidence proved that husband acquired the Louisa property with his separate funds and that he maintained the property as his separate property. Code § 20-107.3(A)(1) provides that separate property includes "all property acquired during the marriage in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property." We conclude that the Louisa property is husband's separate property, and that the judgment of the trial court must be reversed on this basis.

In so holding, we reject wife's argument that husband unilaterally converted a marital asset into separate property and dissipated the marital estate. The corporation is the marital property. The Louisa property was merely one asset that the corporation held at one time during the marriage. The corporation was legally entitled to transfer and convey property that it held. Wife failed to prove that the conveyance was fraudulent or that the corporation was the husband's alter ego. *Compare Stainback*, 11 Va. App. at 23, 396 S.E.2d at 692 (disputed property, acquired through fruits of spouse's labor and legal title held by corporation, properly classified as marital where evidence indicated the corporation was alter ego of spouse). Accordingly, because the husband tendered adequate consideration in exchange for the Louisa County property, no dissipation of the assets of Stratton Auto Sales, Inc. occurred, and, thus, no depletion of the marital estate.

## VALUATION OF PROPERTY

"Code § 20-107.3 requires a trial court to value the parties' separate and marital property before making a monetary award. The trial court's valuation cannot be based on 'mere guesswork.'" *Bosserman v. Bosserman*, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989) (citations omitted). However, "[t]he burden is on the parties to provide the trial court sufficient evidence from which it can value their property." *Id.*

Husband argues that the trial court erred in its valuation of Stratton Auto Sales, Inc., because the only expert testimony as to the valuation of this property came from Mr. Dolan, husband's expert witness, who testified that the business has no value. We disagree. While "[e]xpert testimony is the most expedient, and, in fact, the preferable method for [valuing marital property] . . . the finder of fact is not required to accept as conclusive the opinion of an expert." *Lassen v. Lassen*, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989) (citations omitted). There was contrary evidence presented by wife of the value of the business. In addition, there was substantial evidence regarding the financial history of the business and the fact that the business generated the primary source of income for the parties during their marriage. Accordingly, we find no abuse of discretion in the trial court's valuation of Stratton Auto Sales, Incorporated.

In addition, husband argues that the trial court erred in its valuation of his interest in Stratton Properties. Upon the agreement of the parties, the trial court classified husband's interest in Stratton Properties as his separate property and valued it at $137,000. Although this property was not the subject of the trial court's equitable distribution scheme, husband argues that any misvaluation affected the trial court's award of attorney's fees. As we have already held, the trial court was not required to accept the testimony of husband's experts regarding the value of Stratton Properties. Stratton Properties was originally formed to hold title to forty-four acres of land on West Broad Street. The partnership then transferred this land to Henricus Associates in exchange for a thirty percent limited partnership interest in Henricus Associates. The trial court heard evidence regarding the potential development plans and cash flow from Henricus Associates. In addition, the court considered the evidence presented regarding land values in the immediate area of the property held by Henricus Associates and a financial statement completed by husband in March 1990 indicating that his interest in these partnerships was worth five hundred thousand dollars. Accordingly, we find evidence in the record

to support the trial court's valuation, and we affirm the judgment on that basis.

## ATTORNEY'S FEES

Husband also challenges the trial court's award of partial attorney's fees and costs to his wife in the amount of $5,093.90. He argues that wife is not entitled to such an award because the parties were granted a no-fault divorce and because evidence was presented that wife had sufficient resources to pay these fees and costs. In addition, husband argues that because the trial court erred in its valuation of the parties' marital property and his separate property, the trial court erroneously believed that he had the ability to pay these costs.

■ We disagree with husband's contention that a party divorced upon no-fault grounds is not entitled to an award of attorney's fees. Code § 20-79(b) provides the authority for the trial court to award attorney fees in cases of this nature, "if in the judgment of the court . . . [an award] . . . should be so decreed." In addition, as previously stated, we conclude that the trial court did not err in the property valuations that husband has appealed. As such, both of husband's arguments fail to support his contention that the trial court abused its discretion in awarding partial attorney's fees to wife.

■ "It is well established that an award of attorney's fees [which arises out of legal representation] in a divorce proceeding is 'a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.' " *Alphin v. Alphin*, 15 Va. App. 395, 406, 424 S.E.2d 572, 578 (1992) (quoting *Graves v. Graves*, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). In the case at bar, wife incurred attorney's fees of $12,343.90 and the trial court ordered husband to pay $5,093.90. "This reduction indicates that the trial court fully considered all the aspects of the wife's request, and only awarded an amount which reflected those fees deemed reasonable." *Id.*

■ "We have said that the key to a proper award of counsel fees is reasonableness under all the circumstances revealed by the record." *Poliquin v. Poliquin*, 12 Va. App. 676, 682, 406 S.E.2d 401, 405 (1991) (quoting *Westbrook v. Westbrook*, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988)). Upon consideration of the entire record before us, we conclude that the trial court did not err in awarding wife a portion of the legal expenses she requested.

## CONCLUSION

For the reasons set forth above, we reverse the trial court's judgment that the Louisa County property was marital, and we remand the matter with the instruction that the trial court's equitable distribution be reconsidered in light of our determination that such property is husband's separate property. As to husband's additional grounds of appeal, we affirm the trial court's judgment.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Koontz, J.,* and Elder, J., concurred.

---

* When the case was argued, Judge Koontz presided. Judge Moon was elected Chief Judge effective May 1, 1993.