**Norfolk**

IRVIN CARPENTER

v.

GERELIA DELOSA (EISELSTEIN) CARPENTER

No. 0745-93-1

Decided October 25, 1994

148

COUNSEL

William P. Robinson, Jr. (Robinson, Madison, Fulton & Anderson, on brief), for appellant.

Louis W. Kershner (Charles A. "Pete" Polen; Kershner, Hawkins and Marcari, P.C., on brief), for appellee.

OPINION

**COLEMAN, J.**—In this appeal, we uphold the trial court's decision nullifying a premarital agreement entered into between

Irvin and Gerelia Carpenter. Under the terms of the agreement, Gerelia forfeited any and all marital rights she might otherwise have acquired in Irvin Carpenter's property. At trial, the parties stipulated that Irvin Carpenter did not fully disclose to Gerelia Carpenter all of his financial holdings before Gerelia Carpenter signed the prenuptial agreement and that Gerelia Carpenter signed the agreement without advice of independent counsel and without full knowledge of her legal rights.

We hold that the trial court did not err by applying legal principles set forth in *Batleman v. Rubin*, 199 Va. 156, 98 S.E.2d 519 (1957), in determining the validity of the premarital agreement, which was executed prior to the effective date of the Premarital Agreement Act. *See* Code §§ 20-147, -149, and -154. Furthermore, we hold that the trial court did not err in the manner in which it applied the *Batleman* principles to invalidate the Carpenters' prenuptial agreement.

In addition, we hold that the trial court did not err in reopening the case to allow the parties to present additional evidence before a commissioner in chancery, did not abuse its discretion in making the equitable distribution award, did not err in awarding lump sum spousal support to Gerelia Carpenter, and did not abuse its discretion in ordering Irvin Carpenter to pay Gerelia Carpenter's reasonable attorney's fees. Thus, we affirm the trial court's decision.

## I. VALIDITY OF PARTIES' PRENUPTIAL AGREEMENT

On May 25, 1983, the parties entered into a prenuptial agreement setting forth all property rights incident to their impending marriage. The prenuptial agreement provided that Gerelia Carpenter agreed to

> release, remise and relinquish . . . forever, all of her rights of dower, inheritance and descent and distribution in and to all of the real and personal property [owned by Irvin Carpenter] . . . [and release] . . . all other rights and claims in and to the estate of [Irvin Carpenter] . . . which may in any manner arise or accrue by virtue of said marriage.

This was to be Irvin Carpenter's fourth marriage and Gerelia Carpenter's second marriage. Gerelia Carpenter brought no sig-

nificant assets into the marriage; Irvin Carpenter's assets exceeded one million dollars. The prenuptial agreement was prepared by Irvin Carpenter's attorney. Irvin Carpenter did not disclose the value of his financial holdings to Gerelia Carpenter before she signed the prenuptial agreement. Gerelia Carpenter had no legal counsel or advice before she signed the agreement. She reviewed the agreement twenty minutes before signing it.

On June 5, 1987, after being married four years, Gerelia Carpenter filed for divorce and challenged the validity of the prenuptial agreement. The trial court, basing its decision on *Batleman*, 199 Va. at 158, 98 S.E.2d at 521, held the prenuptial agreement to be invalid. The court ruled that *Batleman* sets forth the principles of contract law that control the validity of prenuptial agreements executed prior to July 1, 1986, the effective date of the Premarital Agreement Act. *See* Code §§ 20-147, -149, and -154.

■ We agree that the *Batleman* holding controls. Under *Batleman*,

> [t]o render an ante-nuptial agreement valid, there must be a fair and reasonable provision therein for the wife, or—in the absence of such provision—there must be full and frank disclosure to her of the husband's worth before she signs the agreement, and she must sign freely and voluntarily, on competent independent advice, and with full knowledge of her rights.

*Id.* at 158, 98 S.E.2d at 521 (citation omitted).

The trial court found that the premarital agreement did not provide a fair and reasonable provision for Gerelia Carpenter because she forfeited all her rights to her future husband's property. Furthermore, because Irvin Carpenter did not disclose the value of his assets to Gerelia Carpenter prior to her executing the premarital agreement, and because Gerelia Carpenter signed the agreement without full knowledge of her legal rights, the premarital agreement was invalid under *Batleman*. Thus, the trial court nullified the agreement and authorized the taking of additional evidence concerning the merits of the divorce and the prayer for equitable distribution and spousal support.

The trial court did not err by invalidating the Carpenters' pre-marital agreement. In 1985, the General Assembly enacted the Premarital Agreement Act, which provides that "[a]ll written agreements entered into *prior* to the enactment of this chapter between prospective spouses for the purposes of affecting any of the subjects specified in § 20-150 [premarital agreements] shall be valid and enforceable if otherwise valid as contracts." Code § 20-154 (emphasis added).

Thus, premarital agreements executed prior to July 1, 1986, the Act's effective date, which includes the Carpenters' agreement, are "valid and enforceable if otherwise valid as contracts." The issue is, therefore, whether the Carpenters' agreement would have "otherwise [been] valid as [a contract]" before the enactment of the Premarital Agreement Act. *See Rogers v. Yourshaw*, 18 Va. App. 816, 819-21, 448 S.E.2d 884, 886 (1994).

The validity of agreements purporting to be prenuptial agreements between parties contemplating marriage, which were executed before July 1, 1986, is controlled by the legal principles set forth in the *Batleman* case.

■ Traditional principles of contract law applicable to agreements between individuals dealing at arm's length did not apply to prenuptial agreements executed prior to the Premarital Agreement Act.

> Generally speaking every adult person has a right to contract with respect to his [or her] property rights and when they have done so, courts are without authority to annul their obligations thus assumed unless they have been entered into under such circumstances as to indicate that their procurement had been brought about by fraud, [unconscionability, misrepresentation or duress].

*Moore v. Gregory*, 146 Va. 504, 523, 131 S.E. 692, 697 (1925). An agreement entered into by competent parties upon valid consideration, who mutually assent concerning a lawful subject matter, is a valid contract under traditional contract principles. *See Adams v. Hazen*, 123 Va. 304, 96 S.E. 741 (1918); *Hairston v. Hill*, 118 Va. 339, 87 S.E. 573 (1916). Contracting parties who bear no special relationship to one another, and who bargain at

arm's length, are not required to reveal their financial holdings. They also are not required to consult legal counsel or to know their legal rights before executing an agreement. However, contract law requires that if parties stand in a relationship of trust and confidence to one another, full disclosure and knowledge of the benefits of the bargain and what is being bargained away is required.

■ "Even where a party is not, strictly speaking, a fiduciary, he may stand in such a relation of trust and confidence to the other as to give the other the right to expect disclosure." *Restatement (Second) of Contracts* § 161 cmt. f (1986). In other words, disclosure is required under contract law "where the other person is entitled to know . . . because of a relation of trust and confidence between [the parties]." *Id.* § 161(d) (1986).

■ Parties engaged to be married are not dealing at arm's length. They have a special relationship of trust and confidence. "Parties who are engaged to be married occupy a confidential relationship toward each other, and in executing an antenuptial property settlement they are under high obligation to make a full and frank disclosure of all facts and circumstances involving the property rights to be affected by such settlement." *Batleman,* 199 Va. at 160, 98 S.E.2d at 522.

Irvin Carpenter stipulated that the premarital agreement, in which Gerelia Carpenter forfeited all her marital claims to her betrothed husband's property, was entered into by Gerelia Carpenter without full disclosure of the extent of his financial holdings and without the benefit of independent legal representation. Irvin Carpenter's actions relating to the parties' execution of the premarital agreement are contrary to the requirement that he "make a full and frank disclosure of all facts and circumstances involving the property rights to be affected by such settlement." *Id.* Therefore, the parties entered into a premarital agreement which could not be enforced by the trial court, given the unfairness of its terms and the circumstances surrounding its execution. We affirm the trial court's decision to invalidate the parties' prenuptial agreement.

## II. TRIAL COURT'S DECISION TO REOPEN THE EVIDENCE

Over the objection of Irvin Carpenter, the trial court authorized the reopening of the case and ordered the parties to present additional evidence before a commissioner in chancery. Irvin Carpenter argues that because Gerelia Carpenter did not timely file her notice to reopen the evidence, the trial court's decision to grant her motion was an abuse of discretion. A trial court's procedural ruling will not be overruled absent a clear abuse of discretion. *See Cantrell v. Commonwealth*, 7 Va. App. 269, 280, 373 S.E.2d 328, 333 (1988). We affirm the trial court's ruling to reopen the evidence in the interest of equity.

## III. EQUITABLE DISTRIBUTION

The trial court did not abuse its discretion in making an equitable distribution award. Upon review of the record, the award was based on the factors enumerated in Code § 20-107.3. No circumstances exist that would justify this Court disturbing the trial court's ruling which awarded Gerelia Carpenter a share of the marital property but less than two percent of Irvin Carpenter's net worth. *See Gamble v. Gamble*, 14 Va. App. 558, 573, 421 S.E.2d 635, 644 (1992); *Aster v. Gross*, 7 Va. App. 1, 8, 371 S.E.2d 833, 837 (1988). The trial court's equitable distribution award was entered only after careful consideration of all the factors set forth in Code § 20-107.3.

## IV. LUMP SUM SPOUSAL SUPPORT

"In determining spousal support, a trial court has broad discretion and 'the appellate court will not interfere with such discretion, unless it is clear that some injustice has been done.'" *Morris v. Morris*, 3 Va. App. 303, 309, 349 S.E.2d 661, 664 (1986) (quoting *Oliver v. Oliver*, 202 Va. 268, 272, 117 S.E.2d 59, 62 (1960)). In exercising this discretion, the trial court must consider the factors enumerated in Code § 20-107.1. *Bristow v. Bristow*, 221 Va. 1, 3 n.*, 267 S.E.2d 89, 90 n.* (1980). The trial court did not abuse its discretion in awarding lump sum spousal support to Gerelia Carpenter. The trial court awarded a fair and just amount of spousal support only after careful consideration of all the factors set forth in Code § 20-107.1.

## V.   COUNSEL FEES

█ The parties stipulated that the counsel fees submitted to the court were reasonable. Where a trial court has awarded counsel fees, an appellate court cannot overturn the decision unless the trial court abused its discretion. *Poliquin v. Poliquin*, 12 Va. App. 676, 682, 406 S.E.2d 401, 405 (1991). We hold that the award of counsel fees was reasonable under the circumstances. *Id.* Accordingly, we affirm the decision of the trial court.

*Affirmed.*

Moon, C.J., and Fitzpatrick J., concurred.