COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Elder
Argued at Richmond, Virginia


RICHARD C. RUDISILL

v.          Record No. 1636-94-2          MEMORANDUM OPINION[*]
                                    BY JUDGE SAM W. COLEMAN III
MARIE H. RUDISILL                          MAY 2, 1995

              FROM THE CIRCUIT COURT OF CHARLES CITY COUNTY
                     Samuel T. Powell, III, Judge

              Everette A. Felts for appellant.

              Alexandra D. Bowen (Bowen and Bowen,
              on brief), for appellee.


     In this appeal, we uphold the final decree of divorce and
monetary award entered by the Circuit Court of Charles City
County.  The appellant contends that the trial court erred by
finding that the wife did not desert the husband, by granting the
wife spousal support, by finding that the home, certificate of
deposit No. 76, and the round table were marital property, and by
finding the value of the boat to be $12,000.  For the following
reasons, we affirm the decisions of the trial court.

     Richard and Marie Rudisill were married in 1979.  During the
marriage, the husband, Richard, executed a deed to himself and
his wife as tenants by the entirety to the home that he owned
before they were married.  The parties separated in 1990, and the
wife filed a bill of complaint for divorce.  The husband filed a

---

[*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

cross bill.  The matter was referred to a commissioner in chancery.  Hearings were held, a report was filed, and exceptions were noted.  The circuit court entered a final decree and monetary award.

On appeal, we view the evidence in the light most favorable to the prevailing party below, granting to her all reasonable inferences therefrom.  McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).  A decree which approves a commissioner's report will be affirmed unless plainly wrong.  Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 296 (1984).

We first consider whether the trial court erred by finding that the wife did not desert the husband.  Desertion occurs when one spouse breaks off marital cohabitation with the intent to remain apart permanently without the consent and against the will of the other spouse.  Barnes v. Barnes, 16 Va. App. 98, 101, 428 S.E.2d 294, 297 (1993).  Code § 20-99(2) requires the complaining party to prove and corroborate his or her grounds for a fault divorce based on desertion.  Hurt v. Hurt, 16 Va. App. 792, 800, 433 S.E.2d 493, 499 (1993).  Desertion must be proven by a preponderance of the evidence.  Bacon v. Bacon, 3 Va. App. 484, 490, 351 S.E.2d 37, 40-41 (1986).

The commissioner found "that neither party proved a fault grounds for divorce" and that there was not "sufficient corroborated testimony to grant the husband a fault divorce on the grounds of cruelty and desertion."  The trial court accepted

-2-

the commissioner's findings.  A trial court may accept or reject a commissioner's findings as its judgment may require.  Hodges v. Hodges, 2 Va. App. 508, 513, 347 S.E.2d 134, 137 (1986).  Unless the trial court's acceptance or rejection of the commissioner's report is plainly wrong, we will affirm the decision.  See Seeman v. Seeman, 223 Va. 290, 293, 355 S.E.2d 884, 886 (1987).  We cannot say that the trial court's acceptance of the commissioner's findings was plainly wrong.  Id.

The husband contends that the trial court erred by granting spousal support to the wife.  "In determining spousal support, a trial court has broad discretion and 'the appellate court will not interfere with such discretion, unless it is clear that some injustice has been done.'"  Morris v. Morris, 3 Va. App. 303, 309, 349 S.E.2d 661, 664 (1986) (quoting Oliver v. Oliver, 202 Va. 268, 272, 117 S.E.2d 59, 62 (1960)).  In determining whether an award of spousal support is to be granted, the trial court must consider the factors listed in Code § 20-107.1.  Carpenter v. Carpenter, 19 Va. App. 147, 153, 449 S.E.2d 502, 505 (1994).  The court, however, is not required to quantify or elaborate what weight or consideration it has given to each factor, as long as the court's findings have support in the evidence presented.  Wooley v. Wooley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).  The commissioner conducted a detailed examination of the husband's and wife's expenses and needs.  Credible evidence supported the trial court's findings.  We will not interfere with

the trial court's discretion in this matter.

While the parties were married, the husband, by deed, transferred the marital home, held solely in his name before the marriage, to himself and his wife as tenants by the entirety.

The trial court approved the commissioner's finding that the "property was transmuted to marital property by gift from husband to wife." We uphold that finding. The deed of conveyance to the husband and wife as tenants by the entirety during the marriage transmuted the property to marital property. When the husband transferred the property, the property became marital property. See Westerbrook v. Westerbrook, 5 Va. App. 446, 453-54, 364 S.E.2d 523, 527-28 (1988). Having determined that the property was marital and that the husband made a gift of an interest in the property to wife, the trial court did not err in its equitable distribution award.

The husband also contends that the trial court erred when it adopted the commissioner's finding that certificate of deposit No. 76 was marital property. Code § 20-107(3)(A)(2)(iii) defines marital property as "property acquired by each party during marriage." All property acquired by either spouse during the marriage is presumed to be marital property. Hurt, 16 Va. App. at 799, 433 S.E.2d at 497. The parties were married in 1979. On his 1979 income tax return, the husband did not list certificate of deposit No. 76 as property. A 1982 bank statement showed that the husband then owned certificate of deposit No. 76. The

-4-

husband did not challenge the evidence.  Thus, the evidence was sufficient to support the commissioner's finding, as adopted by the trial court, that certificate of deposit No. 76 was marital property, since it was acquired during the marriage.

The husband contends that the court erred in classifying a table to be marital property.  The husband, however, did not brief or address the issue.  "We will not search the record for errors in order to interpret the [husband's] contention and correct deficiencies in the brief."  Gottlieb v. Gottlieb, 19 Va. App. 77, 86, 448 S.E.2d 666, 672 (1994) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)).  Nor will we consider arguments not made in the appellate briefs.  See Williams v. Commonwealth, 248 Va. 528, 537, 450 S.E.2d 365, 372 (1994).  See also Jenkins v. Commonwealth, 244 Va. 445, 460-61, 423 S.E.2d 360, 370 (1992), cert. denied, 113 S. Ct. 1862 (1993).

As a final contention, the husband states that the court erred when it determined the value of a boat.  This Court will not disturb a trial court's valuation unless insufficient evidence exists to support the valuation.  Frye v. Spote, 4 Va. App. 530, 537, 359 S.E.2d 315, 319-20 (1987).  "While 'expert testimony is the most expedient, and, in fact, the preferable method for [valuing marital property] . . . the finder of fact is not required to accept as conclusive the opinion of an expert.'" Stratton v. Stratton, 16 Va. App. 878, 883, 433 S.E.2d 920, 923 (1993) (quoting Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d

471, 474 (1989)).  We find that sufficient evidence exists in the record to support the trial court's valuation.

We, therefore, affirm the trial court's decisions.

Affirmed.