## CIRCUIT COURT OF CHESTERFIELD COUNTY

Bonnie Noble

    v.

Randolph Noble

October 17, 1995

Case No. CH95-119

BY JUDGE HERBERT C. GILL, JR.

The parties were before the Court on August 17, 1995, on the issue of spousal support. At that hearing, the Court took the question of the validity of the premarital agreement entered into between the parties on July 20, 1985, under advisement. A second hearing was set by Mr. Watson for October 13, 1995, on the issue of spousal support. The Court was prepared to rule at that hearing, but the parties failed to appear.

Upon argument of counsel and a review of applicable law, the Court is of the opinion that the premarital agreement is an enforceable contract. As such, it bars Plaintiff's claim for spousal support from Defendant.

Under Virginia Code § 20-154, written agreements between prospective spouses entered into prior to July 1, 1986, are governed under contract law rather than under the Virginia Premarital Agreement Act. In *Batleman v. Rubin*, 199 Va. 156 (1957), the Virginia Supreme Court laid out the contract law standard for determining the validity of an antenuptial agreement. The Court said, "There must be a fair and reasonable provision therein for the wife, or, in the absence of such provision, there must be full and frank disclosure to her of the husband's worth before she signs the agreement, and she must sign freely and voluntarily, on competent independent advice, and with full knowledge of her rights."

In *Carpenter v. Carpenter*, 19 Va. App. 147 (1994), the Court of Appeals determined that the *Batleman* standard continued to be the appropriate standard in cases where the premarital agreement was entered into before July 1, 1986. In that case the Court invalidated a prenuptial agreement because: (1) it did not "provide a fair and reasonable provision" for

the wife because she forfeited her right to support and to her husband's property, and (2) the husband did not disclose the value of his assets to the wife prior to her executing the agreement.

In the case at hand, it appears that Mrs. Noble was the one who insisted on the agreement. Furthermore, the agreement expressly provides that each party fully acquainted the other with his or her means or resources and that the agreement was executed freely, voluntarily, and with full knowledge. Therefore, it appears that the agreement is valid under the above cases.

As a valid contract, the agreement is enforceable unless it was abandoned by the parties. In *Rogers v. Yourshaw*, 18 Va. App. 816 (1994), the Court of Appeals held that to support a claim of abandonment of a premarital agreement, mutuality of agreement to abandon must be proved. The Court in that case went on to say that "Courts cannot relieve one of the consequences of a contract merely because it was unwise . . . ."

In the case at hand, there was no proof of mutuality of abandonment. Therefore, the agreement is still in effect and should be upheld and enforced to bar Mrs. Noble's claim for spousal support.

The Court hereby denies Plaintiff's claim for spousal support.