COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


CHARLES STUART DeHAVEN, JR.

MEMORANDUM OPINION[*] BY
v.        Record No. 0997-96-4        JUDGE JOHANNA L. FITZPATRICK
                                       APRIL 8, 1997

PAMELA BUSH DeHAVEN


FROM THE CIRCUIT COURT OF FREDERICK COUNTY
James L. Berry, Judge

Jeffery R. Patton (Louthan & Patton, P.C., on
brief), for appellant.

Stephen G. Butler (Kuykendall, Johnston,
McKee & Butler, P.L.C., on brief), for
appellee.


On appeal from a final decree granting the parties a divorce
and distributing their property, Charles Stuart DeHaven, Jr.
argues that the trial court erred in:  (1) its classification of
the value of the marital residence; (2) its classification of 200
shares of corporate stock; (3) its determination that the
increase in the corporate stock value was attributable to the
efforts of the parties, and (4) its determination that the
increase in the corporate stock value was not attributable, in
part, to the efforts of other persons.  For the reasons that
follow, we affirm in part and reverse in part.

**I.  BACKGROUND**

Charles Stuart DeHaven, Jr. (husband) and Pamela Bush

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

DeHaven (wife) were married in 1976, and two children were born of the marriage.  In 1978, the parties constructed a family residence on land belonging to Charles Stuart DeHaven, Sr. (Charles Sr.), husband's father.  Husband received funds from his father and labor from his father's plant nursery business when constructing the residence.  In 1979 and 1980, Charles Sr. and his wife, Jane DeHaven, deeded the property ("land with improvements thereon") by deeds of gift to both husband and wife.

Charles Sr. was the sole proprietor of the nursery from 1966 to 1986.  In 1986, the business was incorporated, and the corporation leased land from Charles Sr. on which it constructed approximately $171,000 worth of improvements.  The improvements became Charles Sr.'s property pursuant to a one-year lease.  To service its operation, the corporation used water from a well situated on land belonging to husband and wife.

Wife worked for the nursery business from 1979 and was a director of the corporation from 1986 until 1994, when she was "removed."  Wife was paid a small salary throughout her employment with the corporation.  Husband worked for the business from 1976 throughout the parties' married life.  At the time of incorporation in 1986, husband owned twenty-five percent of the business.  By 1993, husband owned ninety-five percent of the corporation, as a result of gifts of stock made to him by his parents.  Additionally, during this time period, the corporation paid husband a substantial salary.

2

On March 29, 1996, the trial court entered a final decree of divorce. The final decree incorporated the court's letter opinion dated December 29, 1995. The trial court's findings included the following:

> The Court determines the first 200 shares issued in 1986 to be marital property . . . . It is the opinion of the Court from the evidence that [the increase in value of the shares of stock received by the defendant], excluding inflation, is due to the personal efforts of the parties.
>
> It is the further opinion of the Court that the residence, built in 1978, and gifted to both parties in October of 1979 and February 1980 is entirely marital property.

Additionally, the court classified as marital property a life insurance policy valued at $7,694.74, husband's IRA valued at $23,933.58, and wife's IRA valued at $17,917.36. The court found that husband possessed separate property of one hundred acres of real estate valued at $100,000, and his separate share of DeHaven Nursery, Inc. valued at $184,898.20. Finally, the court found that the "credit line debt of $39,555.78 [was] entirely within the control of the [husband]" and attributed this debt solely to husband. The court stated its consideration of the statutory factors as follows:

> Considering the factors set out in § 20-107.3 the Court finds Factors 3, 4, 5, 6, 7, 8, and 9 to be either non-determinative or not applicable. Factor 1, strongly in favor of the complainant, Factor 2, slightly in favor of the defendant and Factor 5 in favor of the complainant. In addition, the Court has considered under Factor 10 that defendant holds net separate property totaling $245,343 and that the corporation

3

has constructed $171,000 worth of improvements on the defendant's parents' property.

## II.  THE MARITAL RESIDENCE

Husband's first assignment of error is that the marital residence should have been classified as part separate and part marital property because it was "retraceable by a preponderance of the evidence."  He contends that his "contributions of separate property commingled with marital property" to become "newly acquired property."  Thus, husband argues, because the trial court erred in the classification of the marital residence, it therefore erred in the valuation and distribution of the marital residence.

"Code § 20-107.3(A) gives the court the authority, '[u]pon decreeing the dissolution of a marriage,' to value and apportion marital property and marital debts.  The distribution contemplated by the General Assembly is predicated on the philosophy that marriage represents an economic partnership requiring that, upon dissolution, each partner should receive a fair proportion of the property . . . ."  Floyd v. Floyd, 17 Va. App. 222, 226, 436 S.E.2d 457, 459 (1993) (quoting Roane v. Roane, 12 Va. App. 989, 994, 407 S.E.2d 698, 701 (1991)).  Under Code § 20-107.3, all property acquired during the marriage and before the last separation of the parties is presumed to be marital property in the absence of satisfactory evidence that it is separate property.  See Stainback v. Stainback, 11 Va. App. 13, 17, 396 S.E.2d 686, 689 (1990).  Property that is titled in the names of both husband and wife, as well as all other property

acquired by either of them during the marriage which is not separate property is marital property. See Dietz v. Dietz, 17 Va. App. 203, 208, 436 S.E.2d 463, 467 (1993).

"Generally, the character of property at the date of acquisition governs its classification pursuant to Code § 20-107.3." Stratton v. Stratton, 16 Va. App. 878, 881, 433 S.E.2d 920, 922 (1993). "Although property is initially classified as of the date of acquisition, once acquired, its character may change." McDavid v. McDavid, 19 Va. App. 406, 410, 451 S.E.2d 713, 716 (1994). The party claiming that property should be classified as separate has the burden to produce satisfactory evidence to rebut the presumption that the property acquired during the marriage is marital. See Stratton, 16 Va. App. at 882, 433 S.E.2d at 922.

The trial court specifically found that, "the residence, built in 1978, and gifted to both parties in October of 1979 and February 1980 is entirely marital property." We agree. It is undisputed that the parties built their residence in 1978 upon land owned by husband's parents. Husband and his father testified that the property at issue was gifted to both husband and wife in 1979 and 1980, and the deeds of gifts clearly reflect the two transactions:

> THIS DEED OF GIFT, made and dated this 10th day of October, 1979, by and between CHARLES STUART DeHAVEN and JANE METZ DeHAVEN, . . . and CHARLES S. DeHAVEN, JR., and PAMELA BUSH DeHAVEN . . . . [T]he Grantors make this Deed of Gift and hereby grant and convey, . . . unto the Grantees in fee simple, jointly, as

6

> tenants by the entireties with common law
> right of survivorship, an undivided one-half
> interest in the . . . described real estate
> . . . [a]ll of that lot or parcel of land
> with improvements thereon . . . . The
> Grantors covenant that . . . the property
> . . . is free from all liens and encumbrances
> . . . .[1]

Although husband testified that he contributed funds he had accumulated prior to his marriage to the costs of building the marital residence, the trial court determined that this testimony did not sufficiently rebut the presumption that, upon acquisition, the marital residence and land was, in fact, marital property.

"Property which is initially separate may become marital property either by express agreement, or by the manner in which it is maintained." McDavid, 19 Va. App. at 410-11, 451 S.E.2d at 716 (citations omitted). "Great consideration should be given to the actions, or non-action, of the parties with regard to exercising control over the property in question." Stainback, 11 Va. App. at 21, 396 S.E.2d at 691. The mere fact that husband maintained a separate bank account for the funds to be used in the home's initial construction does not in and of itself transmute the marital property into husband's separate property. Rather, despite husband's contentions, the evidence demonstrated that the home and the land, once deeded to husband and wife,

---

[1]The deed of gift dated February 4, 1980 contains the same language.

7

remained marital. Neither party treated it otherwise.[2] At the time of conveyance, or any time thereafter, husband could have documented his interests to reflect his belief of a separate ownership interest. Neither he nor his parents did so. At no time during the marriage did either party indicate in any way that husband possessed a separate interest in the home or that he possessed a greater share in the home's value due to his contributions.

"'[T]he finding of the judge, upon the credibility of the witnesses and the weight to be given their evidence, stands on the same footing as the verdict of a jury, and unless that finding is plainly wrong, or without evidence to support it, it cannot be disturbed.'" Yates v. Commonwealth, 4 Va. App. 140, 143, 355 S.E.2d 14, 16 (1987) (quoting Lane v. Commonwealth, 184 Va. 603, 611, 35 S.E.2d 749, 753 (1945)). "In this case, the chancellor was confronted with conflicting testimony from

---

[2] Compare McDavid, a case in which we held that where the wife executed a deed of gift transferring her interest in the marital property to husband, the marital property was transmuted to separate property. In McDavid, we upheld the chancellor's determination that property, marital when acquired by the parties, became separate during the marriage. The husband and wife executed a deed of gift transferring the wife's interest to husband immediately after closing. The deed provided that the husband would hold the property "'in his own right as his separate and equitable estate as if he were an unmarried man . . . free from the control and marital rights of his present . . . spouse . . . .'" Id. at 411, 451 S.E.2d at 717. In the instant case, no such evidence supports the husband's contention that the marital residence and land attained or retained the character of separate property.

interested witnesses on each side of the case, and it was his province alone, as the finder of fact, to assess the credibility of the witnesses and the probative value to be given their testimony.  We treat the factual determinations of a chancellor based on ore tenus evidence in the same manner as factual determinations made by a jury; we reverse them only if they are plainly wrong or without evidence to support them."  Richardson v. Richardson, 242 Va. 242, 246, 409 S.E.2d 148, 151 (1991) (citations omitted).  See, e.g., Rowe v. Rowe, Record Nos. 0843-96-2, 0845-96-2 (Va. Ct. App. February 4, 1997) (where we held the trial court erred by not classifying the marital residence, purchased with $82,000 of husband's separate funds, as completely marital property).  We held that the cumulative evidence demonstrated that a gift was intended:  (1) the parties purchased the home to accommodate their growing family; (2) husband placed no reservations on the transfers of title permitting him to reclaim the property upon divorce or any other circumstance; and (3) the house was conveyed by joint title.

Viewing the evidence and all reasonable inferences in the light most favorable to the prevailing party, the wife, and attributing great weight to the trial court's findings, see Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988), we conclude that the property was marital in character when acquired by deed of gift from husband's parents. The evidence proved that the property was a gift to both parties

9

at the time it was deeded to the parties.  The trial court was entitled to attribute greater weight to wife's testimony than to husband's, and credible evidence supports the trial court's determination.  Accordingly, we hold that husband failed to rebut the presumption that the parties' marital residence was entirely marital property.

### III.  200 CORPORATE STOCK SHARES

Husband next argues that the trial court should have classified the initial 200 shares of corporate stock as the separate property of the husband.  To support this argument, he asserts the evidence confirmed that all the shares, including the initial 200 shares, of corporate stock were gifted solely to him from his parents, and that he retained these shares in his name throughout the parties marriage.  We agree.

The statutory definition of separate property includes "all property acquired during the marriage by . . . gift from a source other than the other party. . . ."  Code § 20-107.3(A)(1).  The party claiming that property acquired during the marriage is a gift has the burden of proving it.  Stainback, 11 Va. App. at 18, 396 S.E.2d at 689-90.  "In the case of a gift to one of the spouses, if there is credible evidence presented to show that the property was intended by the donor to be the separate property of one of the spouses, the presumption is overcome, and the burden shifts to the party seeking to have the property classified as marital to show a contrary intent on the part of the donor."  Id.

10

at 17-18, 396 S.E.2d at 689. "[I]f the donee presents sufficient evidence to rebut the statutory presumption of marital property, and the other party presents no evidence to the contrary, . . . the presumption is rebutted." Huger v. Huger, 16 Va. App. 785, 788, 433 S.E.2d 255, 257 (1993) (citing Stainback, 11 Va. App. 13, 396 S.E.2d 686 (1990)). Thus, if the wife presents no evidence contrary to the husband's that the shares from his parents' gifts were intended to be separate property, the presumption that the shares were marital property is rebutted. See id.

The evidence established that husband owned 950 outstanding shares of DeHaven Nursery, Inc. at the time of the dissolution of the parties' marriage, and that these shares had been gifted to husband from his parents during the period of July 1, 1986 through April 1, 1994. The testimony confirmed that husband's parents gave him 200 shares of the original issue of stock, and that each year thereafter, husband's parents gave husband 100 shares annually as birthday gifts. Moreover, it is undisputed that the initial 200 shares were issued in husband's name. Wife presented no evidence to challenge husband's assertion that these shares were meant to be other than a gift solely to the husband.

Additionally, "'when we are required to review on appeal an issue arising under [Code § 20-107.3][, w]e must be able to determine from the record that the trial court has given substantive consideration to the evidence as it relates to the

11

provisions of this Code section.'" <u>Donnell v. Donnell</u>, 20 Va. App. 37, 42, 455 S.E.2d 256, 258 (1995) (quoting <u>Trivett v. Trivett</u>, 7 Va. App. 148, 153, 371 S.E.2d 560, 563 (1988)).  In the case at bar, the trial court gave no explanation of how it arrived at its disposition of the 200 shares, and no evidence supports the court's finding that these 200 shares were marital property.  Rather, the evidence presented at trial confirmed the gifting by husband's parents of all shares of corporate stock solely to the husband, including the initial 200 shares as his separate property.  Accordingly, we hold that the trial court erred in classifying these 200 shares of stock as marital property.

### IV.  INCREASE IN VALUE OF SHARE OF CORPORATE STOCK

Lastly, husband argues that the trial court erred in determining that the increase in the stock value was attributable to the efforts of the parties and was not attributable in part to efforts of other persons.  Code § 20-107.3(A)(3)(a) provides, in pertinent part, as follows:

> In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.

> For purposes of this subdivision, the nonowning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in

12

> value. Once this burden of proof is met, the owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions of marital property or personal effort.

Thus, "[i]f husband prove[s] that passive factors . . . account[] for a portion of the increase in the value of his stock, such increase cannot be properly classified as marital property. Similarly, . . . where third parties contribute to the increase in value of separate property, the marital portion is to be reduced proportionately." Rowe v. Rowe, Record Nos. 0843-96-2, 0845-96-2, slip op. at 3 (Va. Ct. App. February 4, 1997) (citing Decker v. Decker, 17 Va. App. 12, 435 S.E.2d 407 (1993)). "The increase classifiable as marital should reflect only that attributable to [the parties'] personal efforts and not those of [others] or passive factors. . . ." Id., slip op. at 4.

At trial, husband's expert stated that a number of factors accounted for the increase in valuation, including market factors such as inflation. Wife testified regarding her role in the family business, but husband and his parents presented differing views of wife's efforts and contributions. The trial court found "from the evidence that such increase in value, excluding inflation, is due to the personal efforts of the parties." (Emphasis added). The evidence supports the trial court's conclusion that other than inflation, the efforts of both parties increased the value of the stock. Husband failed to establish or otherwise quantify efforts made by third parties towards the

13

increase in the stock value.

Thus, based upon the record, we cannot say that the trial court was plainly wrong in determining that the parties' joint efforts enhanced the value of the stock. For the reasons stated above, we reverse the trial court's classification of the initial

200 shares of stock as marital, and affirm the trial court's determinations on the remaining issues.

<u>Affirmed in part and reversed in part.</u>
