COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Frank and Clements

ROBERT JOHN ZIOLKOWSKI

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0351-04-2                            PER CURIAM
                                                      AUGUST 17, 2004
ELIZABETH ANN KILBURN ZIOLKOWSKI


              FROM THE CIRCUIT COURT OF LOUISA COUNTY
                        Timothy K. Sanner, Judge

          (Patricia M. Brady, on brief), for appellant.

          (John K. Taggart, III; Patricia D. McGraw; Tremblay & Smith, LLP,
          on brief), for appellee.


        Robert J. Ziolkowski (husband) appeals from the circuit court's January 14, 2004 final

decree granting Elizabeth A. Ziolkowski (wife) a divorce.  On appeal, husband contends the trial

court erred by (1) classifying jointly titled property as wife's separate property, (2) classifying

proceeds from the same jointly titled property as wife's separate property, and (3) awarding wife

attorney's fees.  Husband and wife each seek attorney's fees incurred in connection with this appeal.

Upon reviewing the record and briefs, we conclude that this appeal is without merit.  Accordingly,

we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                   Background

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

        _____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married on August 15, 1981, and separated on or about August 15, 2001. In 1989, wife's father, Marshall Kilburn, Sr., stated his desire to give to his daughter property in Mansfield, New York. Kilburn was raised on the property and had inherited it from his mother. Kilburn testified: "I wanted to give my daughter the inheritance, the property. That was the main object of it, keeping it in the family, the blood family." Wife testified she agreed to accept the property with the understanding that Kilburn "wanted to make sure it got passed down." Wife asked Kilburn to have the property put in her name as well as husband's name, because she "was in fear that if anything had happened to [her], that [she] wanted to make sure it was passed down, as well, to the next generation, to our children." Kilburn and wife both testified they had no intent to make a gift to husband of any portion of the property. Wife explained she had discussed her intent with husband and that husband agreed to ensure that the property would pass to their children in the event of wife's death.

On August 1, 1989, Kilburn transferred the property to wife and husband via an indenture reciting the transfer was for the consideration of one dollar. The indenture also reserved a life estate for Kilburn in the property. On or about June 18, 1999, a portion of the New York property was sold, resulting in net sales proceeds of $61,727.79. Kilburn received $10,000 of these sale proceeds. The remaining proceeds were deposited into a credit union account titled solely in wife's name. In 2000, the house on the New York property was completely destroyed by fire. Insurance proceeds of $68,146 were also deposited into wife's credit union account. It appears from the record that an additional $20,648 received from the insurance company as compensation for the loss of the house's contents was deposited into the parties' jointly titled bank account.

The trial court concluded wife had rebutted the presumption that the jointly titled New York property was marital and found the property and all assets flowing from it constituted wife's separate property.

- 2 -

<u>Analysis</u>

I. and II.

"Generally, the character of property at the date of acquisition governs its classification pursuant to Code § 20-107.3." <u>Stratton v. Stratton</u>, 16 Va. App. 878, 881, 433 S.E.2d 920, 922 (1993). Code § 20-107.3(A)(2) provides in pertinent that "all property titled in the names of both parties . . . [and a]ll property . . . acquired by either spouse during the marriage, and before the last separation of the parties . . . is presumed to be marital property in the absence of satisfactory evidence that it is separate property."

Code § 20-107.3(A)(1)(ii) provides that all property acquired during the marriage by gift from a source other than a spouse party is separate property. If separate property is retitled in the joint names of the parties, the property is deemed transmuted to marital property. Code § 20-107.3(A)(3)(f). However, to the extent the property is retraceable by a preponderance of the evidence and was not a gift, the retitled property retains its original classification. <u>Id.</u>

In this case, the New York property was acquired by wife as a gift from her father. Although the property was originally titled in the names of both parties, and was thus presumed marital property, the trial court found that the testimony of wife and her father rebutted the presumption that the property was marital. In so ruling, the trial court remarked on Kilburn's "appearance and demeanor," found him "to be credible and accept[ed his testimony] in its entirety." "We defer to the trial court's evaluation of the credibility of the witnesses who testify *ore tenus*." <u>Shackelford v. Shackelford</u>, 39 Va. App. 201, 208, 571 S.E.2d 917, 920 (2002).

The evidence supported the trial court's conclusions and findings by a preponderance of the evidence. Therefore, we find no error in the trial court's finding that wife rebutted the presumption that the New York real estate was marital property and that she traced the proceeds derived from it back to her separate property.

- 3 -

III.

Husband asserts the trial court erred by awarding wife attorney's fees.

The record supports the trial court's conclusion that husband's "behavior made the case more litigious than it needed to be." The parties had initially reached an agreement through counsel which husband rejected. Husband's failure to consistently make his child support payments to wife also caused wife to incur additional attorney's fees. Wife explained she incurred attorney's fees totaling $22,657.72, and the trial court awarded her fees in the amount of $11,000.

We are guided by the principle that "[a]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Under the instant circumstances, we cannot conclude that the trial court abused its discretion in awarding wife a portion of the attorney's fees she incurred.

IV.

Husband and wife each request attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and upon consideration of the entire record in this case, we hold that neither party is entitled to attorney's fees in the matter.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.