## Wytheville.

### JONES v. TOWN OF MARTINSVILLE.

June 9, 1910.

Absent, Buchanan and Whittle, JJ.

1. NEW TRIAL—*Misconduct of Juror—Knowledge of Fact Before Verdict—Waiver—Appeal and Error.*—The verdict of a jury will not be set aside for misconduct of a juror known to counsel of the party objecting before the jury retired to consider of their verdict. A party cannot be permitted to lie by, after knowledge of a defect of this character, and speculate upon the result, and complain only when the verdict becomes unsatisfactory to him. The objection comes too late after verdict. It is deemed to have been waived, and it is error for the trial court to set aside a verdict for this cause.

Error to a judgment of the Circuit Court of Henry county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*H. G. Mullins* and *Wm. M. Peyton*, for the plaintiff in error.

*Samuel A. Anderson* and *Gravely & Gravely*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by the plaintiff in error to recover of the town of Martinsville damages for its alleged wrongful act in cutting down a street in front of the plaintiff's prem-

ises. There were two trials of the case. On the first there was a verdict in favor of the plaintiff for $781.79, which, upon motion of the defendant, was rejected by the court and a new trial granted. At the second trial there was a verdict and judgment in favor of the defendant.

In pursuance of the statute, Code 1904, sec. 3484, we are asked to set aside and annull all proceedings subsequent to the first verdict, to reverse the action of the circuit court in rejecting that verdict, and to give judgment thereon in favor of the plaintiff.

The record shows that after the first verdict had been brought into court and had been read by the clerk, but before the same had been formally recorded, the defendant, by counsel, stated that since the adjournment the day before counsel had been informed that one or more members of the jury had been guilty of misconduct that ought to vitiate their verdict, and, thereupon, moved the court to discharge the jury without receiving and recording such verdict. Upon hearing the evidence offered in support of this motion, the court rejected the verdict and discharged the jury. To this ruling a bill of exceptions was duly taken. The next day the plaintiff moved the court to set aside its order of the day before, rejecting the first verdict, the ground of this motion being that the counsel for the defendant were informed of the alleged misconduct of the jury during the progress of the trial, and before the jury had retired to consider of their vedict; it being insisted that such information should have been brought to the attention of the court before the jury retired. The court refused to hear the evidence offered in support of this motion and declined to set aside the judgment complained of. The evidence adduced in support of the alleged misconduct of the jury consisted of a casual conversation had by one of the jury with a third person, who was in no way connected with the case, in which the juror indicated that the merits of the case were with the plaintiff and that a verdict would

be found in her favor. There was not a word said by this third person showing any purpose on his part to influence the juror, or having the slightest tendency to prejudice the defendant's case.

In the view, however, that we take of this case, it is unnecessary to consider whether or not the evidence in support of the alleged improper conduct of the juror was sufficient to justify the court in rejecting the first verdict, for it sufficiently appears from the record that the evidence on that subject was known to the counsel for the defendant before the jury had retired to consult of their verdict. This being so, it was too late after verdict to make the objection.

In the case of *Atlantic & Danville R. Co.* v. *Peake*, 87 Va. 130. 12 S. E. 348, after holding that the objection in such a case comes too late after verdict, Judge Lewis says: "The defendant, if dissatisfied with the remarks of the juror, should have objected, and called the attention of the court to the matter at the time, and not have contented himself with taking the chances of a favorable verdict, and afterwards raising the objection when the decision had been rendered against him. Parties ought not to be allowed to experiment with judicial proceedings in that way. By their silence, under such circumstances, they ought to be and are considered as having waived the objection."

In the case of *Dower* v. *Church*, 21 W. Va. 23. Judge Green says, "that mere casual conversations with a third person about the case by a juror, without the knowledge or connivance of a party to the case, will not *per se* be sufficient to induce the court to award a new trial. And that to justify the court in so doing in such a case, there must be a manifest tendency in what has been said to influence the juror to the prejudice of the party who seeks to set aside the verdict . . . But even when the conduct of a juror is such that the court would set aside the verdict, if this is known to the party or his counsel, who seek to set aside the verdict, before the jury re-

tired to consider of their verdict, and he fails to disclose it to the court till after the verdict is rendered, he thereby waives all objection on this account. to the verdict which may be rendered. And this court will not disturb the verdict for this reason on his motion." Citing a number of authorities.

In the case of *Flesher* v. *Hale*, 22 W. Va. 44, Judge Snyder says: "The rule proceeds upon the ground that a party ought not to be permitted, after discovering an act of misconduct which would entitle him to claim a new trial, to remain silent and take his chances of a favorable verdict, and afterwards, if the verdict is against him, bring it forward as a ground for a new trial. A party cannot be permitted to lie by, after having knowledge of a defect of this character, and speculate upon the result, and complain only when the verdict becomes unsatisfactory to him. *Lilleck* v. *Sugar H. T. Co.*, 13 Conn. 453; *Orrok* v. *Com. Ins. Co.*, 21 Pick. (Mass.) 456, 32 Am. Dec. 271; *Rex.* v. *Sutton*, 8 Barn & Cres. 417. It follows, therefore, that when a party moves for a new trial on the ground of misconduct on the part of the jury, which took place during the trial, he must aver in his motion and show affirmatively that both he and his counsel were ignorant, until after the jury had retired, of the fact of such misconduct." Citing Thomp. and Mer. on Juries, secs. 428, 456.

In the light of these authorities, we are of opinion that the circuit court erred in setting aside or rejecting the first verdict and granting a new trial. Its judgment must, therefore, be reversed, and this court, in accordance with the terms of the statute, will enter judgment in favor of the plaintiff for $781.79, the amount of the first verdict, with interest from its date (October 9, 1908), till paid, and costs both in the circuit court and in the prosecution here of this writ of error.

*Reversed.*