## STEVEN E. HURT

### V.

## GREG RANDALL NEWCOMB

Record No. 901424

June 7, 1991

Present: All the Justices

*Philip L. Bradfield (Parker, Pollard & Brown*, on brief), for appellant.

*Kennon C. Walden, Jr. (Walden & Walden*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court erred in setting aside a plaintiff's verdict and ordering a new trial.

Steven E. Hurt sued Greg Randall Newcomb to recover damages for personal injuries allegedly caused by Newcomb's negligent operation of a motor vehicle. The case was set for trial on October 11, 1989, before the Honorable Charles L. McCormick, III.

Approximately two months prior to the scheduled trial date, Hurt's counsel advised Judge McCormick that Hurt requested a bench trial in lieu of a trial by jury. Newcomb's counsel responded by requesting that Judge McCormick recuse himself as the trial judge because Hurt's wife worked as a deputy clerk of the Circuit Court of Halifax County, a court in which Judge McCormick frequently presided.

Judge McCormick wrote a letter to both counsel advising that he saw "no reason to disqualify [himself]." Later, the judge decided that a jury should hear the case. Before the trial date, however, Newcomb advised Judge McCormick that he, too, desired a bench trial. Newcomb also withdrew his recusal request. Thereupon, Judge McCormick agreed to try the case without the intervention of a jury.

On the morning of October 11, 1989, before the bench trial began, Judge McCormick invited both counsel into his chambers to

hear their respective versions of how the motor vehicle collision occurred and to discuss the possibility of a settlement of the case. In response to Judge McCormick's questions regarding the status of settlement negotiations, Hurt's counsel informed the judge that Newcomb's insurer previously had made a settlement offer to Hurt, and when Hurt attempted to accept the offer on the day before trial, Newcomb's insurer informed Hurt that the offer was no longer available. Newcomb's counsel agreed fully with the information furnished by Hurt's counsel. Moreover, Newcomb neither objected to the in-chambers discussions nor claimed that they were improper.

Following the discussions in chambers, the case was heard by Judge McCormick in open court. Newcomb made no objection to the judge's trying the case. At the conclusion of all the evidence, Judge McCormick found in favor of Hurt and awarded him compensatory damages in the amount of $7,500. Counsel for Newcomb "object[ed] to the Court's ruling and note[d] [his] exception."

On November 2, 1989, Newcomb moved the court to set aside the verdict and to grant him a new trial. In support of the motion, he contended that (1) there was an appearance of impropriety surrounding the trial because Hurt's wife was a deputy clerk in Halifax County, and (2) the pretrial settlement discussions with Judge McCormick improperly influenced the judge and prejudiced Newcomb.

Judge McCormick concluded that the ground regarding the deputy clerk was "without merit." The judge also concluded that the parties "had a fair trial." Nevertheless, Judge McCormick ordered a new trial with a different judge based upon his concern that his settlement discussions with counsel may have been improper. Thereupon, on February 7, 1990, Judge McCormick entered an order setting aside the verdict and granting a new trial before a different judge. Hurt objected to the judge's ruling.

On June 20, 1990, the case was retried before a jury with the Honorable Benjamin A. Williams, Jr., presiding. The jury returned a verdict in favor of Newcomb, and on July 24, 1990, Judge Williams entered judgment on the verdict. Hurt appeals.

Hurt contends that Newcomb did not make a timely objection to the pretrial discussions concerning settlement. Hurt asserts that, instead of making an objection at the time of the discussions, Newcomb remained silent and took his chances of a favorable de-

cision. Afterward, having received an unfavorable decision, Newcomb voiced an untimely objection. Hurt further contends that, even if Newcomb's objection is not procedurally barred, the trial court abused its discretion in setting aside the verdict and ordering a new trial.

Newcomb contends that the contemporaneous objection rule is inapplicable because neither the parties nor their counsel could know, at the time the settlement discussions took place, whether the discussions "improperly influenced the trial judge." Newcomb concedes that, generally, a trial judge properly may inquire into settlement negotiations. However, he asserts that, in the present case, "the trial court [allowed] the settlement information [to] influence its decision on the merits of the case."

■ Ordinarily, as Hurt contends, when a litigant has knowledge of and is dissatisfied with a matter that occurred before verdict, he must object and call the court's attention to the matter at the time. The litigant is not allowed to remain silent, to take his chances of a favorable verdict, and, afterward, to raise an objection when he receives an unfavorable decision. By his silence, under such circumstances, the litigant is deemed to have waived the objection. Rule 5:25; *see Smith* v. *Board of Supervisors*, 201 Va. 87, 93, 109 S.E.2d 501, 507 (1959); *Compton* v. *Commonwealth*, 163 Va. 999, 1003, 175 S.E. 879, 881 (1934); *Jones* v. *Martinsville*, 111 Va. 103, 105, 68 S.E. 265, 265 (1910); *Atlantic & Danville R.R. Co.* v. *Peake*, 87 Va. 130, 138-39, 12 S.E. 348, 350 (1890).

■ This contemporaneous objection rule applies to a motion to disqualify a judge. "A motion for disqualification must be made when the movant learns the grounds upon which the motion is based; thereafter, the motion comes too late." *Mason* v. *Commonwealth*, 219 Va. 1091, 1098, 254 S.E.2d 116, 120, *cert. denied*, 444 U.S. 919 (1979).

■ In the present case, however, we need not invoke the contemporaneous objection rule. We will accept Newcomb's contention that the parties could not have known, at the time of the settlement discussions, whether the discussions "improperly influenced the trial judge." Thus, we must determine whether Judge McCormick erred in setting aside the verdict in favor of Hurt. *Taylor* v. *Taylor*, 185 Va. 126, 133, 37 S.E.2d 886, 888 (1946).

 Both parties concede, and we agree, that generally a trial judge properly may inquire into settlement negotiations. Such a practice can be helpful in encouraging an early end to litigation. The record shows that Judge McCormick, as the trier of fact, was concerned about whether he should have inquired into settlement negotiations. The judge stated unequivocally, however, that he thought the parties had had "a fair trial." This was an acknowledgement, therefore, that the settlement discussions had not influenced the judge in deciding the merits of the case and that neither party was prejudiced by the discussions. Thus, the parties received all to which they were entitled—a fair and impartial trial. Consequently, the court erred in setting aside an error-free verdict and ordering a new trial.

Accordingly, we will reverse and vacate the judgment in favor of Newcomb, reinstate the verdict in favor of Hurt in the amount of $7,500, and enter final judgment thereon.

*Reversed and final judgment.*

JUSTICE COMPTON, dissenting.

The majority implicitly holds that the trial judge abused his discretion when he acted to avoid the appearance of impropriety. I disagree.

Seizing on a "fair trial" statement of the trial judge, the majority, eschewing reliance on the contemporaneous objection rule, sustains the plaintiff's alternative argument that the trial court "abused its discretion in setting aside the original verdict and ordered a new trial." The majority states that "the court erred in setting aside an error-free verdict and ordering a new trial."

Central to the majority's rationale is this sentence in the opinion: "The judge stated unequivocally . . . that he thought the parties had had 'a fair trial.' " Reference to the appellate record will demonstrate whether the "fair trial" statement actually was "unequivocal."

During argument of the defendant's motion to set aside the first verdict, rendered by the trial judge sitting without a jury, plaintiff's counsel argued that the verdict should be confirmed. In response, the trial judge said:

"I think the whole thing is a mess. I agree with a lot of what you have to say. But I think though *that if there is any question about the propriety of the Court* making the inquiry of counsel as to settlement possibilities, the Court, being the trier of fact — now, of course, in a jury case, it makes no difference — but in this particular case *maybe I ought not to have done that.*" (Emphasis added.)

Responding, plaintiff's counsel argued that the defendant should have the burden of appealing the first verdict if there had been a "mistake." He said: "And we had a fair trial." The trial judge then stated: "I think you had a fair trial. But I also think that *if there is a possibility of some error, that this Court ought to correct it* and not let it go further where you have to litigate in the appellate court and maybe come back, after doing all that and then come back for another trial." (Emphasis added.) Subsequently, the judge sustained defendant's motion and ordered a new trial before a different judge.

So, we see that the "fair trial" statement was not "unequivocal." Rather, throughout his comments, the trial judge indicated there was a "question" about the propriety of his hearing a case without a jury when armed with information about settlement discussions. Such information presumably included knowledge of the dollar amounts demanded by the plaintiff and offered by the defendant. The judge alluded to the "possibility of some error," and, in my view, properly concluded that an appearance of impropriety would prevail if he let his verdict stand.

Indeed, Canon 2 of the Canons of Judicial Conduct for the State of Virginia is titled: "A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities." My consideration of the whole record in this case convinces me that the trial judge endeavored to comply with this requirement, and I would decide that he did not err in so doing.

Accordingly, I would hold there was no abuse of discretion and would affirm the judgment below.