**Richmond**

MARION CARTER POLIQUIN

v.

JAMES ROBERT POLIQUIN

No. 1803-89-2

JAMES ROBERT POLIQUIN

v.

MARION CARTER POLIQUIN

No. 1827-89-2

Decided June 18, 1991

COUNSEL

Robert C. Bode (Bode and Dickinson, on briefs), for Marion Carter Poliquin.

Donald K. Butler (W. Christopher Currie; Morano, Colan & Butler, on brief), for James Robert Poliquin.

OPINION

**BENTON, J.**—Marion Carter Poliquin contends the trial judge abused his discretion by awarding her a $6,000 lump sum for spousal support. Her former husband, James Robert Poliquin, contends that the trial judge abused his discretion in awarding the wife her attorney's fees. For the reasons that follow, we affirm the spousal support award but remand for a modification of the decree. We also reverse the portion of the attorney's fees awarded to reimburse the wife for fees incurred in a separate suit filed in a foreign jurisdiction.

## FACTS

The parties married in 1979. In 1988, the husband filed for divorce in Ohio but dismissed that suit after the wife filed for divorce in Virginia. The trial judge in Virginia granted the parties a no fault divorce and awarded the wife custody of their child and temporary child support. The suit was retained on the docket to determine permanent child support, spousal support, and attorney's fees.

At a hearing held to resolve the remaining issues, the trial judge heard evidence that the husband completed medical school shortly after the marriage and entered the military. Due to the husband's military obligations, the couple moved frequently but eventually returned to Richmond, Virginia. During the entire marriage, the wife worked part-time jobs, intermittently attended nursing classes until she graduated, and performed household chores. The husband supported the family financially.

While the proceedings were pending in the circuit court, the husband, a vascular surgeon, left a position paying $80,000 per year to pursue his own practice. Initially, he paid himself $4000 per month from a $30,000 loan he obtained from a hospital to start his practice.

The wife had earned as much as $1800 per month as a psychiatric nurse. However, she testified that her hours were cut severely while the support hearings were pending. She expressed a desire to work part-time so that she could remain at home with their infant child.

The trial judge found that the husband earned $4000 per month and that the wife had the capacity to earn $1800 per month. The trial judge also found that during the relatively short marriage the parties lived modestly, but he noted that the wife "gave up other types of living standards to invest in the future." The trial judge found that the wife made significant non-monetary contributions to the family's well-being and that the husband made significant monetary contributions. Furthermore, the trial judge opined that the wife was "in no worse financial situation now than she was either before or during the marriage. . . . Her capabilities to earn have improved rather than been lessened, except to the extent that the couple had a child which the [wife] must raise." Granting an allowance for the wife to raise the child at home until the child entered kindergarten, the trial judge awarded the wife a $6000 lump sum payable in twelve $500 monthly installments.

The trial judge also ordered the husband to pay the wife's legal expenses. The wife presented her attorney's itemized bill that totalled $4,059.60, including time spent on the Ohio suit.

### SPOUSAL SUPPORT

 "When a [trial] court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.' " *Dodge v. Dodge*, 2 Va. App. 238, 246, 343 S.E.2d 363, 367 (1986) (quoting *Thomasson v. Thomasson*, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983)). "Code § 20-107 authorizes courts 'to consider not only earnings but also earning capacity.' However, the award must be based upon the circumstances in existence at the time of the award." *Payne v. Payne*, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987) (quoting *Jacobs v. Jacobs*, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979)).

The wife argues that the trial judge abused his discretion in granting her a minimal $6,000 lump sum award which "forever barred [her] from seeking further awards . . . in the event of a change in circumstances in the future." Based on the evidence, we cannot conclude the trial judge abused discretion in arriving at the amount of spousal support. The trial judge recognized that the wife obtained her nursing degree during the marriage and was capable of earning $1,800 per month as a nurse. The trial judge properly considered that the parties lived modestly throughout the relatively short period of marriage. The husband's earnings had decreased because of his changed position. The trial judge also

could give weight to the wife's expressed wish to remain home and raise the child for a short, determinable period of time. Taking these factors and considerations into account, there is no indication that the trial judge abused discretion in calculating the amount of the spousal support award.

Code § 20-107.1 provides that a "court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments, or in a lump sum award, or both."

> The lump sum award is a fixed obligation to pay a sum certain when the decree is entered but the amount may be payable either in deferred installments or at once. That the payment method may allow for deferred installment payments does not change the character of the award. Thus, the right to the amount, whether payable immediately or in installments, is fixed and vested at the time of the final decree and the amount is unalterable by court order, remarriage, or death.

*Mallery-Sayre v. Mallery*, 6 Va. App. 471, 475, 370 S.E.2d 113, 115 (1988). In the present case, the trial judge ordered the husband to pay the wife "as a lump sum of spousal support the sum of $6,000 payable in [twelve] monthly installments of FIVE HUNDRED . . . DOLLARS . . . per month."[1] The award is consistent with this Court's statement in *Mallery-Sayre*.

The wife also maintains that the trial judge erred in failing to reserve for the wife the right to petition the court for periodic spousal support in the future based on changed circumstances. We agree.

"In the absence of statute a court may expressly reserve the right to revise alimony provisions to meet changed conditions.

---

[1] The trial judge entered the final order on October 27, 1989. On January 12, 1990, the judge entered a revised order, nunc pro tunc to October 26, 1989. The revised order provides, "the [husband] shall pay to the [wife] as periodic spousal support the sum of . . . ($500) per month, commencing October 1, 1989, and ceasing when the child of the parties commences kindergarten." Since the trial judge entered the revised order more than twenty-one days after entering the final order, it is void. Rule 1:1. The authority of a trial judge to amend its orders more than twenty-one days after entry extends only to correcting clerical errors. Code § 8.01-428(B); *Dorn v. Dorn*, 222 Va. 288, 279 S.E.2d 393 (1981); *Cass v. Lassiter*, 2 Va. App. 273, 343 S.E.2d 470 (1986).

But the reservation must be clear and explicit." *Losyk v. Losyk*, 212 Va. 220, 222, 183 S.E.2d 135, 137 (1971). In *Blank v. Blank*, 10 Va. App. 1, 389 S.E.2d 723 (1990), we recently held "that if there is a lump sum award and no reservation of the right to petition upon a change of circumstances, when the payee spouse requests such a reservation, the record must support why, under the circumstances of the case, the lump sum better meets the [statutory] objectives." *Id.* at 6, 389 S.E.2d at 726. "We [did] not hold that every lump sum award must be accompanied by a reservation of the right to petition for additional support upon a change of circumstances." *Id.* In addition, *Blank* does not address the issue whether the trial court is obligated to consider a reservation of the right to petition for future additional support where the payee spouse does not so request, but does request periodic support.

The trial judge in this case based the amount of support, in part, upon the wife's earning potential and, in part, upon the husband's then depressed earnings occasioned by the opening of his own medical practice. These circumstances contain intrinsic elements of uncertainty and are both contingent in some degree upon future conduct. Although we cannot say that the trial judge abused his discretion in setting the amount of the lump sum award, we do conclude that the small amount of the award coupled with the uncertain nature of the factors upon which the award was based, require that the wife not be barred from the right to seek a future modification. The trial judge denied the wife's request for periodic support and *sua sponte* ordered the lump sum payment without granting a reservation of right. Accordingly, we remand the decree to the trial judge for a modification to include a reservation of right to seek future modification.

## ATTORNEY'S FEES

"An award of attorney fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." *Graves v. Graves*, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "[W]here . . . the trial court finds the wife needs and is entitled to maintenance and support and the husband has the financial ability to meet those needs, its failure to award counsel fees to her is, in our opinion, an abuse of . . . discretion." *Thomas v. Thomas*, 217 Va. 502, 505, 229 S.E.2d 887, 890 (1976).

We have said that "the key to a proper award of counsel fees . . . [is] reasonableness under all of the circumstances revealed by the record." Where the trial judge finds that a fee award is justified, evidence of time expended and services rendered is a proper basis upon which to fix an award.

*Westbrook v. Westbrook*, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988).

█ Code § 20-79 provides the authority for trial courts to award attorney fees in the following circumstances: "[i]n any suit for divorce, the court in which *the suit* is instituted or pending, when either party to the proceedings so requests, shall provide in its decree . . . counsel fees . . ., if in the judgment of the court . . . [it] should be so decreed." (emphasis added). In the absence of statutory authority, the trial judge has no inherent authority to award counsel fees incurred in a separate suit instituted and terminated in a foreign jurisdiction. *See Mantell v. Mantell*, 384 Pa. Super. 475, 559 A.2d 535 (1989).

Applying these maxims to this case, we conclude that the trial judge did not err in awarding the wife her attorney's fees incurred in the pending Virginia suit. The evidence clearly demonstrated the husband's superior financial position relative to the wife's. The judge also noted that the husband's infidelity precipitated the marriage dissolution and ultimately the divorce suit. Based upon the statement of the wife's counsel's fees, the trial judge was properly in a position to determine the reasonableness of the attorney's billing rate and the total bill. *Westbrook*, 5 Va. App. at 458, 364 S.E.2d at 530. We cannot say, based on the record, that the trial judge abused his discretion in ordering the husband to pay the wife's attorney's fees.

However, the trial judge did err in awarding the wife fees incurred in defense of the husband's Ohio divorce suit. The bill submitted to the trial judge contained entries related to the Ohio divorce proceeding. The actual hours spent performing the tasks contained in these entries are not itemized. We are not in a position to determine how much time or effort was spent by counsel defending the Ohio suit. But the attorney's fees award should not include any billing for time spent on the Ohio suit. We, therefore, remand the case to the trial judge to calculate the services attributable to the Ohio suit and to reduce the award accordingly.

## CONCLUSION

Accordingly, we affirm the court's spousal support award but remand the decree for modification. We reverse the award of attorney's fees to the extent it includes fees incurred in the Ohio suit and remand the case for a recalculation of the attorney's fees.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Koontz, C.J., and Barrow, J., concurred.