COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Annunziata
Argued at Alexandria, Virginia

AFAF KANAZEH MANN
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0333-95-4    JUDGE ROSEMARIE ANNUNZIATA
                                         MAY 21, 1996
MICHAEL KAY MANN


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Quinlan H. Hancock, Judge


            Philip F. Hudock for appellant.

            Lauren E. Shea (Sherman, Meehan & Curtin,
            P.C., on brief), for appellee.


     In September 1993, Afaf Kanazeh Mann ("wife") filed a Bill

of Complaint seeking a divorce from Michael Kay Mann ("husband")

on grounds of cruelty and desertion.  In May 1994, husband filed

a cross-bill seeking a divorce from wife on grounds of

constructive desertion and cruelty.  In August 1994, wife filed

an Amended Bill of Complaint charging husband with adultery.

Following hearings in August and September 1994, the commissioner

reported that both husband's post-separation adultery and wife's

cruelty and constructive desertion had been proved.  As such, the

commissioner applied the doctrine of recrimination, barring a

fault-based divorce.  The commissioner recommended a no-fault

divorce based on one year of separation without cohabitation or

interruption.  Following a December 1994 equitable distribution

---
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

hearing, the trial court adopted the commissioner's findings, ordered a no-fault divorce, and entered its Final Decree of Divorce and Qualified Domestic Relations Order.

Wife appeals the court's equitable distribution assigning as error: (1) the failure to properly consider the factors set forth in Code §§ 20-107.3 and 20-107.1; (2) application of the court's finding that wife was responsible for the marriage's dissolution to its equitable distribution and support award; (3) requiring wife to pay the mortgage on the marital home after granting her spousal support; (4) requiring wife to pay 50% of husband's 1993 outstanding federal income tax; (5) requiring wife to pay $10,000 of husband's attorney's fees; (6) requiring wife to pay $500 in commissioner's fees; and (7) the failure to find husband in arrears with his support payments.[1]  For the following reasons, we affirm, in part, reverse, in part, and remand, in part, for further proceedings.

The parties were married January 14, 1984 and separated September 9, 1993.  Husband began working for Martin Marietta in 1966 and continued to work there throughout the proceedings.  In 1993, husband reported wages of $123,572.23.  In 1994, he earned approximately $130,000, including a $112,000 salary and an $18,000 incentive bonus he received the following January. Husband testified that his gross monthly income was $9,307.

---

[1]The husband filed a cross-appeal, the disposition of which is addressed in a separate opinion.

Husband participated in both a defined benefit plan and a defined contribution plan through his employer.

During the marriage, wife worked in real estate, held jobs as a retail salesperson and cosmetologist, and was a property manager earning $1,300 per month. Through the first nine months of 1993, wife earned approximately $15,000 working in real estate. Wife testified that she netted only $1,687. Initially, wife testified that she stopped working in October 1993. However, she later indicated that she continued to do some work as a property manager.

Wife testified that she had been unable to work since October 1993 due to medical problems. Wife's physician estimated that her condition caused her 50% permanent partial disability. However, wife's physician testified that her prognosis was good if she maintained a proper diet and took her medication. Wife's physician testified that her conditions had existed since 1985 or 1986.

The parties' marital estate included their marital residence valued at $252,000. At the time of the equitable distribution hearing, the balance on the mortgage was $87,542 and the equity was $144,298 after accounting for sales costs.

At the date of the equitable distribution, the parties had credit card debt of approximately $40,000, much of which was attributed to wife's post-separation spending. Husband paid the credit card debt to preserve the good credit rating he needed to

maintain his security clearance at work.  Husband owed the IRS $9,782.40 in back taxes for 1993, a year in which husband filed a separate return.

Husband testified that he was the primary provider during the marriage.  Throughout the separation, husband made monthly mortgage payments of $1,595 on the marital residence.  During that time, he also paid the utilities and $550 per month spousal support.

Wife's son testified that wife intended to perpetuate the court proceedings in an attempt to force husband to capitulate to her demands.  In a memorandum of law submitted to the trial court, husband referred the court to wife's refusal to settle the parties' dispute contrary to the advice of her counsel.

The court made the following findings with respect to the testimony: (1) as to the marital home, husband made most of the contributions to its acquisition and maintenance; (2) as to the marital debt, wife had no credible explanation for her incurring substantial post-separation debt; (3) as to spousal support, wife intended to bankrupt husband or, at least, cause him to lose money through the litigation; (4) as to spousal support, wife suffered from her various medical conditions since the mid-1980s but that the conditions would not prevent her from continuing to work; and (5) as to attorney's fees, wife was totally responsible for the dissolution of the marriage.

After stating that it had considered all the factors set

forth in Code §§ 20-107.1 and 20-107.3, the court ordered: (1) that unless either party purchased the other's share of the marital residence within thirty days, the home was to be sold and husband given a credit for the principal payments he made during the separation and until the sale of the house if he continued to pay the mortgage; the remaining proceeds were to be split, 40% for wife, 60% for husband; (2) that wife receive 40% of the marital share of husband's retirement plans; (3) that wife pay 50% of the 1993 outstanding federal income tax; (4) that wife pay a monetary award to husband of $10,126 representing the post-separation credit card debt she incurred; (5) that wife pay $10,000 of husband's attorney's fees and 50% of the cost of the commissioner's hearing; and (6) that husband pay $1,600 per month spousal support.

On February 1, 1995, the trial court granted husband's Motion for Financial Relief thereby ordering wife to make mortgage payments on the marital residence for so long as she resided there.  By order dated February 2, 1995, the court denied wife's motion seeking, <u>inter alia</u>, to modify the support award in light of her obligation to pay the mortgage.

I

Wife argues that the trial court failed to make specific findings in its consideration of the factors set forth in Code §§ 20-107.1 and 20-107.3(E).  In <u>Alphin v. Alphin</u>, 15 Va. App. 395, 424 S.E.2d 572 (1992), this Court concluded with respect to

§ 20-107.3(E) that the trial court's failure to consider all of the statutory factors is reversible error and that the trial court must do more than merely recite that it has considered all the factors. Id. at 405, 424 S.E.2d at 577-78; see also Via v. Via, 14 Va. App. 868, 872, 419 S.E.2d 431, 434 (1992) (addressing Code § 20-107.1). However, the trial court is not required to precisely or expressly state the consideration it gives each factor, and, when the court fails to articulate its reasons sufficiently, this Court examines the record to see if the evidence supports the award. Alphin, 15 Va. App. at 405, 424 S.E.2d at 578 (quoting Gibson v. Gibson, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1988)). Upon review of the court's findings with respect to both the support award and equitable distribution, as discussed above, we conclude that the trial court gave proper consideration to each of the statutory factors.

II

Next, wife argues that the court abused its discretion by improperly considering wife's fault in making its support award and equitable distribution. However, the court made clear that it considered wife's fault only with respect to its award of attorney's fees. The court never referenced wife's fault concerning either support or equitable distribution.

III

> In determining the appropriate amount of spousal support, the trial court must consider the needs of the requesting party and the other spouse's ability to pay. . . . In fixing the amount of support the trial court must look to the financial needs of the [receiving

party], her age, physical condition and ability to earn, and balance against these circumstances the financial ability of the [other spouse] to pay, considering his income and his ability to earn.

Alphin, 15 Va. App. at 401, 424 S.E.2d at 575 (citation omitted). When based on the statutory factors, a court's support award will not be reversed absent an abuse of discretion. See id. at 401, 403, 424 S.E.2d at 575. Here, we cannot say that the trial court abused its discretion in making its initial support award of $1,600 per month.

A support award may be modified when the party seeking modification proves "both a material change in circumstances and that this change warrants a modification of support." Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (citation omitted); see also Code § 20-109. Husband had been paying the mortgage on the marital home, approximately $1,600 per month including both principal and interest, through the parties' separation until entry of the final decree. The wife's expense sheet, reflecting no expenditures for mortgage payments, was admitted as evidence in the case.

In its final decree, the court awarded wife $1,600 per month spousal support. It also provided for a credit to the husband, from proceeds obtained upon the sale of the marital residence, for mortgage payments he made in the intervening time. After the entry of the decree, the court granted husband's motion for financial relief, requiring wife to make the monthly mortgage payments, but summarily denied wife's motion to modify the

support award without further hearing or argument.  Wife contends that the court erred in so doing.  We agree.

The court's subsequent order requiring wife to pay the mortgage reapportioned the parties' relative financial postures, relative to needs and ability to pay.  Contrary to the court's finding, the court's order constituted a material change in circumstances, requiring further inquiry to determine whether such change warranted a modification of support.  The award of spousal support is therefore remanded for further proceedings consistent with this opinion.[2]

IV

Wife next argues that the court erred by ordering her to pay one-half of husband's outstanding 1993 tax liability.  She contends that the tax debt is separate property because husband filed a separate income tax return in 1993.

Income tax debts incurred during the marriage are generally treated as marital debt.  Brett R. Turner, Equitable Distribution of Property § 6.29, at 457 (2d ed. 1994); see also Downey v. Kamka, 428 S.E.2d 769, 771-72 (W. Va. 1993); cf. Turner, supra, at 460 (property taxes on nonmarital property constitute nonmarital debt).  Filing separate returns does not change the character of the debt.  Downey, 428 S.E.2d at 772.  Rather,

_____

[2]Our decision in Michael Kay Mann v. Afaf Kanazeh Mann, in a separate published opinion, reverses the trial court's equitable distribution award of certain pension benefits.  The wife's spousal support award must be reconsidered in light of that decision as well.  See Va. Code § 20-107.1(8).

whether a debt is classified as marital or separate depends on who benefitted from the debt. Turner, supra, at 455-56; see also Gamer v. Gamer, 16 Va. App. 335, 341-42, 429 S.E.2d 618, 623 (1993). If both parties benefitted from the debt, it should be considered marital, regardless of the fact that only one of the parties may have incurred it. Id.

Here, the tax liability was based on husband's income, which was marital property, benefitting both parties. Accordingly, we find that the tax on that income is marital debt. Likewise, we find the interest and penalty obligations were properly considered marital debt. The interest and penalty reflect the benefit to the marital estate accruing from the untimely payment of the tax liability. We find the fact that husband filed a separate return insufficient evidence that the debt should have been classified as separate. In the absence of any evidence to show that the debt should be attributed solely to husband, we find the trial court did not abuse its discretion in ordering wife to pay one-half the liability. See Gamer v. Gamer, 16 Va. App. 335, 341-42, 429 S.E.2d 618, 623 (1993).

V

Wife next argues that the court erred, requiring her to pay $10,000 of husband's attorney's fees. The court's award of attorney's fees must be reasonable "under all the circumstances revealed by the record." Alphin, 15 Va. App. at 406, 424 S.E.2d at 578 (quoting Poliquin v. Poliquin, 12 Va. App. 676, 682, 406

- 9 -

S.E.2d 401, 405 (1991)).  The award is reviewable only for an abuse of discretion.  Id. (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).  In light of the length and complexity of this litigation and wife's apparent attempt to prolong it, we cannot say that the trial court abused its discretion awarding husband attorney's fees.  Moreover, while the fault of a spouse does not preclude a court from awarding attorney's fees in favor of that spouse, see Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989), we find no principle which precludes a court from considering fault in making an award of fees against that spouse.

Wife argues that the court was prejudiced by husband's submission of the deposition excerpt showing wife's refusal to settle.  The general rule is that evidence of compromise and settlement is inadmissible.  E.g., Agelasto v. Atkinson Real Estate, 229 Va. 59, 64, 327 S.E.2d 84, 86 (1985).  However, a trial judge, acting as the trier of fact, generally may inquire into settlement negotiations.  Hurt v. Newcomb, 242 Va. 36, 40, 405 S.E.2d 843, 844 (1991).  Such a practice helps encourage an early end to litigation and is permissible so long as the parties receive a fair and impartial trial.  Id.  Here, nothing suggests that the parties received anything but a fair and impartial trial; accordingly, wife's claim lacks merit.[3]

---

[3] Wife also argues that the testimony of her son concerning her intent to bankrupt husband was improper because it was non-responsive, speculative, and included hearsay.  The court

VI

The court ordered wife to pay fifty percent of the combined costs for the commissioner's hearing. Fifty percent of the combined costs equals $1,079. Wife argues the court failed to consider $300 she had previously paid the commissioner and, therefore, improperly computed the amount she owed. We find no merit in the wife's argument. The court ordered wife to pay a total of $1,079, it did not order her to pay $1,079 notwithstanding any payments she had already made.

VII

Finally, wife argues that husband is in arrears for payments due under the sealed pendente lite order. Wife raised this issue in a motion to modify and suspend the final order, bringing evidence of her claim to the court's attention. However, the court summarily denied the motion without a hearing. As such, there are no findings of fact on this issue on which we can base our review. Accordingly, this issue must be remanded for further determination.

Affirmed in part,
reversed and remanded in part.

(..continued)
instructed wife's son not to give hearsay testimony. The son answered the pending question and wife neither objected to the answer nor asked that it be stricken. Consideration of wife's assertion that the answer violated the court's instruction is, therefore, procedurally barred. Rule 5A:18.