COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


JOHN K. CRISCO, JR.

v.        Record No. 2049-96-2

ROBIN T. SORENSEN (CRISCO)          MEMORANDUM OPINION[*] BY
                                     JUDGE SAM W. COLEMAN III
ROBIN T. SORENSEN (CRISCO)               APRIL 29, 1997

v.        Record No. 2136-96-2

JOHN K. CRISCO, JR.


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Herbert C. Gill, Jr., Judge

            Donald K. Butler (Player B. Michelsen; Joseph F.
            Grove; Robert "Jay" Finch; Morano, Colan & Butler;
            Joseph F. Grove, P.C., on briefs), for John K.
            Crisco, Jr.

            John N. Clifford (Vera Duke; Clifford & Duke,
            P.C., on briefs), for Robin T. Sorensen (Crisco).


        Upon review of the record and consideration of the briefs

and legal authority, we find no reversible error in the trial

court's refusal to modify child visitation, in awarding the

mother attorney's fees (Record No. 2049-96-2), or in ordering the

mother to share in the transportation costs for visitation

(Record No. 2136-96-2).  Accordingly, we affirm the order of the

trial court.

        Before a trial court may modify a custody or visitation

order, the evidence must prove that a change in circumstances has

─────────────────────
        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

occurred since the most recent award and that a change in custody or visitation would be in the child's best interest. Code § 20-108; Keel v. Keel, 225 Va. 606, 611-12, 303 S.E.2d 917, 921 (1983). In determining the custody or visitation privileges that are in a child's best interest, Code § 20-124.2 directs that the trial court "shall assure minor children of frequent and continuing contact with both parents, when appropriate, and encourage parents to share in the responsibilities of rearing their children." Code § 20-124.3 sets forth factors that the court shall consider in determining custody and visitation rights. On appeal, we reverse an award of custody or visitation only where the trial court has abused its discretion, which requires that the decision be plainly wrong and without evidence to support it. Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988).

In October 1995, the trial court awarded custody of the parties' two-year-old daughter to the mother and granted the father overnight visitation every other weekend from Saturday at 10:00 a.m. to Sunday at 6:00 p.m. and two weeks during the summer. At the time, both the father and mother resided in Richmond. Soon thereafter the father moved to North Carolina. He petitioned the court to modify the visitation to allow for longer, but less frequent, visitation to enable him to travel with his daughter to visit his home in North Carolina and to visit his parents. Due to the travel time from Richmond to North

Carolina, the father asserted that the existing visitation schedule made it impractical to take his daughter to his home in North Carolina and compelled him to visit with his daughter only at a motel or friend's home in Richmond. By order dated August 2, 1996, the trial court found that a change of circumstance had occurred due to the father's relocation. However, the court found the changed circumstance did not warrant a change in the visitation schedule. The court retained the same visitation schedule but granted the father leave, effective April 24, 1996, to travel out of state with his two and one-half year old daughter once per month during a normal weekend visit. The trial court awarded the mother $5,000 attorney's fees.

We cannot say that an overnight visitation every other weekend with leave to travel to the father's home in North Carolina once per month does not satisfy the requirement set forth in Code § 20-124.2 that trial courts "shall assure minor children of frequent and continuing contact with both parents, . . . and encourage parents to share in the responsibilities of rearing their children." Although a three day visitation every third weekend, as requested by the father, arguably might better accommodate both the father and daughter, we cannot find that the trial court abused its discretion by refusing to further modify the visitation schedule in view of the age of the child and frequent changes in the custody and visitation schedules.

As to the award of attorney's fees, considering the number

of hearings, the amount of discovery, and the preparation that was necessary based upon the record, the trial court did not abuse its discretion by awarding the wife $5,000 attorney's fees. See Poliquin v. Poliquin, 12 Va. App. 676, 685, 406 S.E.2d 401, 405 (1991).

As to the transportation costs associated with the father's visitation with the daughter, the trial court did not impose the financial burden exclusively upon either parent. Instead, the trial court required the parents to share the costs. The trial court did not abuse its discretion by ordering the mother to share in the transportation costs for the visitation. See Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986).

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.