COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


CAROLINE SJOBLOM

                                    MEMORANDUM OPINION[*]
v.   Record No. 0204-97-4               PER CURIAM
                                      JULY 29, 1997
THOMAS SJOBLOM


               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      M. Langhorne Keith, Judge

            (Ilona Ely (Freedman) Grenadier; Benton S.
            Duffett, III; Grenadier, Davis & Simpson, on
            brief), for appellant.

            (James Ray Cottrell; Christopher W.
            Schinstock; Gannon, Cottrell & Ward, on
            brief), for appellee.


     Caroline Sjoblom (wife) appeals the decision of the circuit

court ordering Thomas Sjoblom (husband) to pay $50,000 in a lump

sum spousal support and $3,000 in attorney's fees. Wife contends

that the trial court erred by (1) failing to award permanent

periodic spousal support; (2) awarding only $50,000 in lump sum

support; (3) requiring wife to show a change in circumstances at

the expiration of the lump sum award to receive periodic spousal

support; and (4) awarding insufficient attorney's fees in light

of the parties' circumstances and conduct during litigation. By

way of cross-error, husband contends the trial court erred by

denying him the right to discover evidence of wife's prior

marriages and, possibly, prior deceptive practices. Upon

--------
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

I.

Based upon the evidence presented by the parties, including the parties' large accumulation of debt in the course of a four-year marriage, the trial court ruled that the circumstances warranted the award to wife of $50,000 in lump sum spousal support, paid at the rate of $1,250 two times a month.  The court reviewed the statutory factors set out in Code § 20-107.1, including the parties' financial needs, earning capacities, health, and the inflated standard of living established during the marriage.

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

Based in part on wife's health problems and her expressed desire to enter the design field despite her current lack of training, the court determined that wife needed "an assured source of financial support, not subject to modification."  The court adequately considered the statutory factors prior to reaching this determination, which is supported by the evidence.

2

We find no abuse of discretion in the trial court's lump sum spousal support award.

## II.

Wife claims that the lump sum award is inadequate to meet her immediate or foreseeable future needs and that the only appropriate form of support for her is permanent periodic payments.  As noted above, the court did not err in awarding wife a lump sum award assuring her undiminished payments for a set period of time.

Moreover, we find no evidence that the awarded amount was erroneous.  The court balanced husband's ability to pay against wife's needs.  See Floyd v. Floyd, 1 Va. App. 42, 45, 333 S.E.2d 364, 366 (1985).  Husband's gross monthly earnings were approximately $7,977.  The court stated that "[husband] has more earning capacity [than wife] but he is not a bottomless well." The trial court required husband to pay $16,585, or two-thirds, of the parties' marital debt.  Wife never held steady employment during the marriage and had no employment at the time of the hearing.  Wife listed monthly expenses of $5,500.  The court noted that the parties spent wife's medical malpractice settlement award of $263,000 in a little over a year, that both parties spent money recklessly, and that wife "bears equal if not more responsibility for the running up of debt."  We cannot say the trial court's award of $50,000, payable at the rate of $2,500 per month, was erroneous.

## III.

Wife also contends that the trial court erred in restricting her right to receive additional support until the completion of the lump sum payout and in requiring her to then show a change in circumstances. The court's letter opinion provided that "[b]ecause of the intrinsic elements of uncertainty in making a lump sum award, the Court will also reserve the right of [wife] to receive additional spousal support at the expiration of the above award in the event of a change in circumstances." Thus, the order is a reservation to wife of the right to additional support if it is warranted after the final payment of the lump sum support award. See Poliquin v. Poliquin, 12 Va. App. 676, 681, 406 S.E.2d 401, 404 (1991); Blank v. Blank, 10 Va. App. 1, 6, 389 S.E.2d 723, 726 (1990).

Wife herself argues that there is no way to know the period for which she will need support. The court's award assures her a steady stream of income for a set period of time, and provides for the possibility she may receive additional support if needed beyond that time. The lump sum also addresses husband's need for stability as he establishes improved financial footing. Therefore, we find no error.

## IV.

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va.

4

App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Wife incurred $62,000 in attorney's fees and expenses, and husband incurred at least $40,000. The court noted that "[b]oth parties over-litigated this case," that wife "incurred some [$]37,000.00 of expenses for a forensic accountant who did not testify," and that both parties "share at least equal responsibility for such remarkable attorneys fees." Recognizing that husband had the greater ability to pay, the court ordered him to pay $3,000 of wife's fees. We cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

                            V.

We find no reversible error in the trial court's decision to limit husband's discovery. The sole issues remaining at trial were spousal support, equitable distribution and attorney's fees, as the parties agreed to a one-year separation as the basis for their divorce. The court allowed husband to introduce evidence relevant to wife's credibility, including that wife had been married at least six times but did not disclose the actual number of her previous marriages to husband. The parties also introduced financial information concerning the assets wife brought into the marriage and her past work experience. Husband

5

sought to explore wife's alleged wrongdoing in previous marriages. We cannot say that the trial court abused its discretion when it required husband to limit his discovery to matters relevant to the outstanding property-related issues of the parties' marriage.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>