## CIRCUIT COURT OF FAIRFAX COUNTY

Lynn Coleman Gayner Zoll

v.

David Forsyth Zoll

December 30, 1997

Case No. C109481

BY JUDGE LESLIE M. ALDEN

This matter came before the Court upon Defendant's Motion for Attorney's Fees. At a hearing on October 31, 1997, the Court took under advisement whether Defendant David Forsyth Zoll ("Mr. Zoll") is entitled to receive attorney's fees and costs incurred for his defense of the Petition for an Increase in Spousal Support filed by Complainant Lynn Coleman Gayner Zoll ("Ms. Zoll"). For the reasons set forth herein, the Court finds that Mr. Zoll is not entitled to recover the costs and attorney's fees expended in this matter.

### Procedural Background

The parties were married for twenty-three years, and a Final Decree of Divorce was entered in 1990. The Final Decree allowed the Court to retain jurisdiction to modify spousal support. In 1995 the parties entered into a Consent Order whereby Mr. Zoll paid Ms. Zoll $2,900.00 per month for spousal support, and the Court retained jurisdiction to modify the amount of support.

Ms. Zoll filed a Petition to Increase Spousal Support in February 1997, claiming that a brain injury had prevented her from earning income, and therefore, she needed an increase in support to cover her living expenses. On October 20, 1997, the Court held a hearing on Ms. Zoll's Petition. Although Ms. Zoll alleged that the circumstances had changed since the last support award, she did not present evidence to prove her allegations. At the

close of Ms. Zoll's evidence, Mr. Zoll moved to strike her Petition because she had not presented a prima facie case for a modification of support. The Court granted the motion to strike and dismissed the Petition.

*Award of Attorney's Fees Pursuant to § 8.01-271.1*

Pursuant to § 8.01-271.1 of the 1950 Code of Virginia, as amended, a court may award reasonable attorney's fees to a party if a pleading that was signed by the other party was "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Va. Code Ann. § 8.01-271.1 (1992).

Mr. Zoll incurred substantial fees and expenses in order to prepare to defend against Ms. Zoll's allegations of a brain injury disability, including the cost of hiring a private investigator and an expert witness and deposing Ms. Zoll's case manager. He argues that because Ms. Zoll failed to present evidence to support the claims related to her Petition, she should be sanctioned for her bad faith and for needlessly increasing the cost of litigation. Ms. Zoll argues that there has never been a pattern of harassment on her part, nor was any evidence presented at trial that her Petition was filed with the intent to harass Mr. Zoll. The Court finds that the evidence does not show that Ms. Zoll filed her Petition for an improper purpose which would warrant sanctions under § 8.01-271.1.

*Award of Attorney's Fees Pursuant to § 20-79(b)*

Alternatively, Mr. Zoll argues that he is entitled to recover his attorney's fees pursuant to § 20-79(b) of the 1950 Code of Virginia, as amended, which provides that in any suit for divorce, the court may award counsel fees if, in the judgment of the court, an award of fees should be decreed. Va. Code Ann. § 20-79(b) (1995). Further, he argues that equity requires Ms. Zoll to pay Mr. Zoll's attorney's fees because she was in the best position to evaluate the deficiencies in her case and should have not gone forward with insufficient evidence.

In considering whether attorney's fees should be awarded, the Court should consider the financial abilities and needs of the parties. *Poloquin v. Poloquin*, 12 Va. App. 676, 681 (1991). Additionally, an award of fees is not intended to punish one party for its wrongdoings (or its failures); instead, the statute is intended to provide an award of fees to the party who has a financial need to recover counsel fees. *O'Loughlin v. O'Loughlin*, 23 Va. App. 690 (1996). Here, Mr. Zoll is the party providing support and the

party in the superior financial position. The evidence showed that Mr. Zoll has an income of $253,000.00 and is well employed. On the other hand, Ms. Zoll is not working, has health problems, and is in substantial debt; Ms. Zoll does not have the financial ability to pay for Mr. Zoll's attorney's fees and costs. Based upon the respective financial positions of the parties and the other circumstances of this case, it is the opinion of the court that an award of fees to Mr. Zoll pursuant to § 20-79(b) should not be decreed.

## Conclusion

The Court was not persuaded that Ms. Zoll filed her Petition for an improper purpose, as is required by § 8.01-271.1 in order to award attorney's fees. Further, the Court declines to award Mr. Zoll attorney's fees pursuant to § 20-79(b). Accordingly, Mr. Zoll's Motion for Attorney's Fees is denied.