COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


FRANCO TRIOLO

                                        MEMORANDUM OPINION[*]
v.    Record No. 1590-00-1                PER CURIAM
                                        DECEMBER 12, 2000
JEAN MARIE WHITE TRIOLO


            FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                      AND COUNTY OF JAMES CITY
                      Thomas B. Hoover, Judge

          (Vicki Beard, on briefs), for appellant.

          (Kenneth B. Murov, on brief), for appellee.


     Franco Triolo (husband) appeals the decision of the trial

court awarding attorney's fees and spousal support to Jean Marie

White Triolo (wife).  On appeal, the husband contends that the

trial court erred (1) in awarding attorney's fees to the wife

after the commissioner had awarded attorney's fees to the husband,

and (2) in awarding spousal support to the wife.  Upon reviewing

the record and briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the decision

of the trial court.  See Rule 5A:27.

     On appeal, we view the evidence and all reasonable

inferences in the light most favorable to the appellee as the

_____

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

The wife filed for divorce in January, 1995, on the ground of constructive desertion.  In September, 1996, the husband requested that the case be referred to a commissioner in chancery.  The decree appointing the commissioner did not include a direction that the commissioner determine spousal support.  The commissioner reported that the evidence was insufficient to support awarding the wife a fault divorce and recommended that she be awarded a divorce on the ground of one-year separation.  Holding that the wife was more responsible for prolonging the suit, the commissioner recommended that the husband be awarded $2,000 in attorney's fees.  Both parties filed objections to the commissioner's report.  The trial court held hearings to rule on the objections and to determine spousal support.  The court upheld the bulk of the commissioner's report, but awarded the wife $5,000 in attorney's fees based on disparity of the parties' incomes. The court ordered the husband to pay $400 per month in spousal support to the wife.

## I.

The husband contends that the trial court erred in awarding attorney's fees to the wife.  He asserts that she was responsible for prolonging the suit and for increasing the legal expenses. The trial court found that both parties contributed to the

-

prolongation of the proceedings and that the suit involved true issues which required litigation. Based on the differences in the incomes of the parties, the trial court awarded $5,000 in attorney's fees to the wife. An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion. Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). We find no abuse of discretion in the trial court's determination.

## II.

The husband also contends that the trial court erred in awarding spousal support to the wife. "When a [trial] court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.'" Poliquin v. Poliquin, 12 Va. App. 676, 679, 406 S.E.2d 401, 403 (1991).

The trial court considered all the factors required by Code § 20-107.1. Based on the length of the marriage and the discrepancy in incomes, the court held that the wife was entitled to permanent spousal support. We find no abuse of discretion in that determination.

Accordingly, the judgment of the trial court is summarily affirmed. This case is remanded to the trial court to consider

-

whether an award of attorney's fees and costs for this appeal should be made to the wife.

<u>Affirmed and remanded</u>.